## EX PARTE GERDINE SHAFFER.

No. 18296.   Delivered February 12, 1936.
On Motion to Perfect Transcript March 4, 1936.
Appeal Reinstated March 18, 1936.

The opinion states the case.

C. C. McKinney, of Cooper, and S. W. Pratt, of Commerce, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the district judge of Delta County made in vacation, in which the application of relator for discharge or relief by way of habeas corpus was denied.  The order denying the relief sought by relator shows that the proceedings were had during vacation.  The transcript is certified by the clerk and not the

judge as required by Art. 857, C. C. P., which provides that in an appeal from an order of the judge made in a habeas corpus proceeding had in vacation the transcript must be certified by the trial judge. This requirement has been held mandatory in the case of Ex Parte Young, 87 Texas Crim. Rep., 128 (219 S. W., 1102). See, also, Ex Parte McKinney, 63 S. W. (2d) 697. Because of the condition of the record in this case, this court has no choice other than to order a dismissal of the appeal for want of a sufficient transcript. The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON RELATOR'S MOTION TO PERFECT TRANSCRIPT.

LATTIMORE, JUDGE.—At a former day of this term this appeal was dismissed for want of a sufficient transcript. Relator moves for a rehearing, and sets out in his motion that certain affidavits were made by him and filed in the trial court. No certified copies of said affidavits are attached to the motion. However, the error making necessary the dismissal of the appeal appearing to have been one of omission by the district judge who tried the case, the request of relator in his motion is granted, and the clerk of this court is directed to return the transcript on file here to the clerk of the district court of Delta County in order that relator and his attorneys may have such transcript certified by the trial court in accordance with the requirements of Art. 857, C. C. P.

Appellant is given fifteen days from this order in which to have the record corrected, and the appeal properly perfected.

#### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Responding to our judgment, the trial court has properly certified the transcript on appeal herein, and the case is now before us for consideration.

Appellant was convicted of driving a car upon a public highway while intoxicated,—a felony,—and his punishment was fixed at a fine of one hundred dollars. The judgment entered properly adjudged against him for collection in such ways as are fixed by law, both the amount of said judgment and the cost pertaining to said trial amounting to $53.03. He was confined in jail for a time sufficient at $3.00 per day to satisfy the fine, but then sued out his writ of habeas corpus

based upon the ground that he could not be legally imprisoned in order to satisfy the costs. Upon a hearing, he was remanded, but made bail pending his appeal from said order.

We must uphold the action of the trial court herein. In 1931 the 42nd Legislature, Chap. 205, Acts Regular Session, enacted a law providing specifically that if one be indicted for a felony, and convicted also of a felony, but his punishment be fixed at a fine, or confinement in the county jail, or both,— no costs should be paid by the State to any officer, but all costs in such case should be taxed, assessed and collected as in misdemeanor cases. Such being the law,—upon the verdict and judgment following same in this case, it was legal and proper for the fees of the sheriff and county attorney, as well as those of the other officers, to be taxed against appellant, and, following the act of the 41st Legislature, quoted in Ex Parte Neeley, 42 S. W. (2d) 445, and Art. 793, C. C. P., appellant could properly be confined in the county jail until he had satisfied the costs, at the rate applicable in the county where tried,— affected by whether or not there be in same a workhouse, farm or improvements,—at the rate of one dollar per day if there be such, and three dollars per day if not.

The judgment will be affirmed.

*Affirmed.*