# DECEMBER 22, 1937

### EX PARTE RICHARD BILLS.

No. 19370.   Delivered October 13, 1937.
Appeal Reinstated November 10, 1937.
State's Rehearing Denied December 22, 1937.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Wm. J. Fanning,* County Attorney, of Sulphur Springs, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant sought release from the custody of the sheriff of Hopkins County through habeas corpus proceedings, and was remanded to custody.   Hence this attempted appeal.

It appears from the transcript that the hearing was had in vacation.   The transcript bears no certificate of the trial judge but only that of the clerk of the district court of Hopkins County.   Art. 857, C. C. P., provides, in substance, that, when the proceedings on habeas corpus take place before the court in session, the transcript shall be prepared and certified by the clerk, but when had in vacation the transcript may be prepared by any person under the direction of the judge and

certified by the judge. The failure to comply with the statute necessitates a dismissal of the appeal. Ex parte Shaffer, 92 S. W. (2d) 250.

Further, it is observed that the record fails to show that notice of appeal was given. This omission also requires a dismissal of the appeal.

Appellant has filed a motion in which he requests that he be permitted to withdraw the transcript in order that he may have it certified by the trial judge in accordance with the requirements of Art. 857, supra. The motion is granted and the clerk of this court is directed to return the transcript on file here to the clerk of the district court of Hopkins County.

Appellant is granted fifteen days from this date in which to have the record corrected and the appeal properly perfected.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

On the 16th day of December, 1937, appellant was, on a plea of guilty, convicted in the county court of Hopkins County of a misdemeanor. Thereafter, on the 21st day of May, 1937, after a capias pro fine had been duly issued by the clerk of the county court, he was arrested and lodged in jail. Also it appears from the answer of the respondent herein that on the 22nd of May, 1937, appellant was again convicted of a misdemeanor in the county court of Hopkins County and that he is also being held under a capias pro fine issued by virtue of said conviction. After a hearing under a writ of habeas corpus an order was entered by the district judge of Hopkins County remanding appellant to the custody of the sheriff.

It is appellant's contention that the judgments convicting him are void for the reason that the county court was not in session, but its terms had ended at the time the judgments of conviction were rendered. In Ex parte Farence Jones, Opinion No. 19,369 (page 402 of this volume), this day delivered, we set forth the orders fixing the terms of the county court of Hopkins County, and reached the conclusion that the last order made by the commissioners' court limited the duration of each of the terms to three weeks. Further, we held that an order

entered on the 12th of January, 1931, should be looked to for a designation of the beginning dates of the terms of court. We deem it unnecessary to set out the orders and reiterate the reasons stated in the Jones Case for holding that the commissioners' court had limited the duration of each of the terms of court to three weeks. Suffice it to say that it appears from the record herein that appellant's convictions occurred on dates when the court was in vacation. It follows that said judgments of conviction are void. Ex parte Collins, 185 S. W., 580.

The judgment remanding appellant is reversed and he is ordered discharged.

*Judgment reversed and appellant ordered discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State's motion for rehearing here presents the same questions as found in the motion for rehearing in cause No. 19,369, Ex parte Farence Jones (page 402 of this volume), which motion was overruled on this date. The same order results in the instant case.

The State's motion for rehearing is overruled.

*Overruled.*