## EX PARTE HENRY SWINDLE.

No. 19368.   Delivered October 13, 1937.
Appeal Reinstated November 10, 1937.
Motion for Rehearing Denied (Without Written Opinion) December 22, 1937.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Wm. J. Fanning,* County Attorney, of Sulphur Springs, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant sought release from the custody of the sheriff of Hopkins County through habeas corpus proceedings, and was remanded to custody. Hence this attempted appeal .

In view of the fact that the hearing was had in vacation it was necessary that the transcript bear the certificate of the trial judge. Art. 857, C. C. P.; Ex parte Shaffer, 92 S. W. (2d) 250. The absence of such certificate necessitates a dismissal of the appeal.

Further, it is observed that the record fails to show that notice of appeal was given. Under the circumstances, this court is without jurisdiction.

Appellant has filed a motion in which he requests that he be permitted to withdraw the transcript in order that he may have it certified by the trial judge in accordance with the requirements of Art. 857, supra. The motion is granted and the clerk of this court is directed to return the transcript on file here to the clerk of the district court of Hopkins County.

Appellant is granted fifteen days from this date in which to have the record corrected and the appeal properly perfected.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

It appears that appellant has been several times convicted in the county court of Hopkins County of a misdemeanor. On the allegation that these convictions were void for the reason that the county court was not in session, but its terms had ended on the dates the judgments of conviction were rendered, appellant was awarded a writ of habeas corpus. After a hearing under the writ an order was entered by the district judge remanding appellant to the custody of the sheriff.

It appears from the record that one of said convictions occurred on the 9th of January, 1937. An examination of the orders of the commissioners' court fixing the terms of the county court discloses that there was a regular term of the court beginning on the first Monday in January and continuing

for three weeks. See Ex parte Farence Jones, Opinion No. 19,369 (page 402 of this volume), this day delivered. Hence it appears that appellant's conviction was during a regular term of the court. We do not mention the dates of the other convictions as it appears that appellant has been properly remanded to the custody of the sheriff under a capias pro fine issued on the judgment of conviction entered January 9, 1937.

The judgment remanding appellant is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.