**CITIZENS STATE BANK OF FROST v. MILLER, County Judge, et al.**

**No. 2092.**

Court of Civil Appeals of Texas. Waco.

April 7, 1938.

J. S. Callicutt and Chris L. Knox, both of Corsicana, and M. S. Wood, of Hillsboro, for relator.

Paul H. Miller, of Corsicana, for respondents.

GALLAGHER, Chief Justice.

Relator, Citizens State Bank of Frost, instituted suit in the county court of Navarro county against respondents James S. Sweeney and Lottie Sweeney, to recover on a note executed to it by them and to foreclose a chattel mortgage given to secure the same on certain personal property. Respondent Paul H. Miller is the duly qualified and acting judge of said court. A regular term of said court convened on Monday, November 1, 1937, and adjourned on December 25, 1937. A trial of the above cause was had at said term. Said trial was before the court without a jury, but no findings of fact or of law were made and no judgment was rendered or entered therein at said term. Said trial not having been concluded at said term, the court, on the 25th day of December, 1937, made an order and caused the same to be entered on the minutes, purporting to extend said term as to said cause to and through the 8th day of January, 1938, in order to enable the court to conclude the trial thereof. No action is shown to have been taken in said cause during such purported extension. A new term of said court convened on January 3, 1938, and continued for a period of eight weeks. The court, on January 12, 1938, purporting to be still in session under the aforesaid purported extension of the preceding term, heard a motion of respondents Sweeney to dismiss said cause on the ground that the pleadings of relator were insufficient to show that the court had jurisdiction thereof, sustained the same and ordered said cause dismissed.

The court, on January 15, 1938, purporting to act by agreement of the parties to said cause, made a further order extending said preceding November term, 1937, one week from said date to and including January 22, 1938, for the purpose of passing on motion for new trial and any other motions which might be presented in that connection. No such motions are shown to have been filed.

Relator, contending that the purported extensions of the November term, 1937, of said court were unauthorized by law and void; that the order dismissing said cause, purporting to have been made thereat, was also void; and that said cause was still pending on the civil docket of said court, on February 7, 1938, at the regular January term, asked the court to set the same for trial. The court, on the same day, overruled said request and declined to set said cause for trial or to otherwise recognize the pendency of the same on the ground that it was regularly tried and dismissed at a purported extension of the November term, 1937, of said court.

All judicial business must be transacted by a court in term time, except such as may be specially authorized by constitutional or valid statutory provisions. Texas Electric & Ice Co. v. City of Vernon, Tex.Civ.App., 254 S.W. 503, par. 1; Trabue v. Ash, Tex.Civ.App., 200 S.W. 415, par. 2; 15 C.J., pp. 899 et seq., §§ 270 and 271. Control of the terms of the district court, within certain limits, is vested in the Legislature. Constitution, art. 5, §§ 7 and 14. Under these provisions, the Legislature has, by various articles of our revised statutes, created judicial districts, provided for, the holding of regular and special terms of the district court therein, for the extension of such terms under certain conditions, and for the transaction of business in vacation by consent of the parties. R.S. arts. 199, as amended, 1915, 1919, 1920 and 1923, Vernon's Ann.Civ.St. arts. 199, 1915, 1919, 1920, 1923. None of these provisions apply to county courts.

Power to prescribe the number and duration of terms of the county court is conferred in general terms upon the Legislature and in specific terms upon the commissioners' courts of the several counties, except that it is specially provided that probate business may be disposed of in such courts either in term time or vacation. Constitution, art. 5, § 29. No provision for the extension of terms of the county

court for the conclusion of pending business has been made. Ex parte Will Reeves, 100 Tex. 617, par. 4, 103 S.W. 478, par. 2; Mosaic Templars of America v. Gaines, Tex.Civ.App., 265 S.W. 721, par. 3; Ex parte Collins, 79 Tex.Cr.R. 436, 185 S.W. 580, par. 1; Wells Fargo & Co. Express v. Mitchell, Tex.Civ.App., 165 S.W. 139, par. 1; Id., Tex.Civ.App., 176 S.W. 818; 11 Tex.Jur., p. 809, § 74.

All the transactions above recited were had after the date fixed for the adjournment of the November term of said court and all of the same, except the refusal to set said case for trial, during purported extensions of such term  There is no contention that any of the same, except said refusal to set the cause for trial, were regarded either by the court or by the respective parties as judicial acts had and done at the regular term of said court which convened January 3, 1938.  Such transactions and orders were therefore void.  See, in addition to the authorities above cited:  Schwartz v. Liberman & Co., 2 Willson, Civ.Cas.Ct.App., p. 220, § 289; Robbin v. Lewis & Hurst, 1 White & W. Civ.Cas.Ct.App. p. 147, § 346;  Ex parte Jones, Tex.Cr.App., 111 S.W.2d 267, par. 5;  Ex parte Bills, Tex.Cr.App., 111 S.W.2d 269, par. 3.

Power is conferred upon this court by Revised Statutes, art. 1824, as amended, Vernon's Ann.Civ.St. art. 1824, to issue writs of mandamus in proper cases to compel judges of district and county courts to proceed to trial and judgment in designated causes. McPhail v. Scarborough, Tex.Civ.App., 16 S.W.2d 858, 859, par. 2, and authorities there cited.  Respondent Miller, the honorable judge of said court, erred in ordering the dismissal of said cause at a purported extension of a term of said court which had theretofore expired, and such order was void.  The writ of mandamus as prayed for by relator will issue, commanding respondent Miller, as judge of said court, to recognize said cause as pending on the civil docket thereof and to proceed to trial and judgment therein according to established rules of procedure. The costs of this proceeding are adjudged against the respondents other than the Hon. Paul H. Miller, county judge as aforesaid.  Since he acted in a judicial capacity in the premises, no costs are adjudged against him.  Browning-Ferris Machinery Co. v. Thomson, Tex.Civ.App., 55 S.W.2d 168, par. 10.