

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS

XXXXXXXXXSON

ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:             Opinion No. O-2877
                          Re: Article 1055, C.C.P. Fees of
                               Justice of the Peace and Con-
                               stable under facts stated.

      Your request for opinion has been received and careful-
ly considered by this department. We quote from your request
as follows:

      "The Legislature in 1939 enacted a law amend-
ing Article 1055, of the Code of Criminal Proce-
dure of Texas, 1925, and declaring an emergency,
which provides that the county shall be liable for
one-half of the fees in a misdemeanor case to the
officers of the court where defendant fails to pay
his fine and lays his fine out in the County Jail
or discharges the same by means of working such fine
out on the county roads or on any county project.

      "QUESTION: Where a Justice of the Peace, or
Constable, who are compensated on a fee basis in
this county, conducts an examining trial, or makes
the arrest etc., as the case may be, in a case that
is bound over to the Grand Jury and party is tried
and convicted of the offense of driving and operat-
ing a motor vehicle while under the influence of
intoxicating liquor, A FELONY, and given a fine and
jail sentence, or both, and defendant lays his fine
and jail sentence out in the County Jail, or dis-
charges the same by means of working same out on the
county roads or on any county project, would the
county be liable for 1/2 costs?

      "QUESTION: In the event you should answer ques-
tion number one in the negative, would the county
be liable for one-half costs to any officer for
examining trial fees where party was indicted for
felony, and the offense reduced to a misdemeanor.
For instance, where party was indicted for assault

to murder, a felony, and found guilty of a misde-
meanor and fine or jail sentence, or both, assess-
ed against the defendant?"

Article 1055, Vernon's Annotated Texas Code of Criminal
Procedure, reads as follows:

"The county shall be liable to each officer
and witness having costs in a misdemeanor case for
only one-half thereof where the defendant has satis-
fied the fine and costs adjudged against him in full
by labor in the workhouse, on the county farm, on
the public roads or upon any public works of the
county; and to pay such half of such legal costs as
may have been so taxed, not including commissions,
the county judge shall issue his warrant upon the
county treasurer in favor of the proper party, and
the same shall be paid out of the road and bridge
fund or other funds not otherwise appropriated."

Article 1019, Vernon's Annotated Texas Code of Criminal
Procedure, reads as follows:

"If the defendant is indicted for a felony and
upon conviction his punishment is by fine or con-
finement in the county jail, or by both such fine
and confinement in the county jail, or convicted of
a misdemeanor, no costs shall be paid by the State
to any officer. All costs in such cases shall be
taxed, assessed and collected as in misdemeanor cases."
(Underscoring ours)

Article 1065, Vernon's Annotated Texas Code of Criminal
Procedure, reads as follows:

"The following fees shall be allowed the sheriff,
or other peace officer performing the same services
in misdemeanor cases, to be taxed against the defen-
dant on conviction:

"1. For executing each warrant of arrest or
capias, or making arrest without warrant, two dollars.

"2. For summoning each witness, seventy-five
cents.

"3. For serving any writ not otherwise provided
for, one dollar.

"4. For taking and approving each bond, and re-

turning the same to the court house, when necessary, one dollar and fifty cents.

"5.  For each commitment or release, one dollar.

"6.  Jury fee, in each case where a jury is actually summoned, one dollar.

"7.  For attending a prisoner on habeas corpus, when such prisoner, upon a hearing, has been remanded to custody, or held to bail, for each day's attendance, four dollars.

"8.  For conveying a witness attached by him to any court out of his county, four dollars for each day or fractional part thereof, and his actual necessary expenses by the nearest practicable public conveyance, the amount to be stated by said officer, under oath and approved by the judge of the court from which the attachment issued.

"9.  For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

"10.  For conveying a prisoner arrested on a warrant or capias issued from another county to the court or jail of the county from which the process was issued, for each mile traveled going and coming, by the nearest practicable route, twelve and one-half cents.

"11.  For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents.  For traveling in the service of process not otherwise provided for the sum of seven and one-half cents for each mile going and returning.  If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

Article 1071, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Justices of the peace who sit as an examining court in misdemeanor cases shall be entitled to the same fees allowed by law to such justices for similar services in the trial of such cases,

not to exceed three dollars in any one case, to be paid by the defendant in case of final conviction."

Article 1052, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Three dollars shall be paid by the county to the County Judge, or Judge of the Court at Law, and Two Dollars and fifty cents shall be paid by the county to the Justice of the Peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the Justice of the Peace shall receive a trial fee of Three Dollars. Such Judge or Justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by such Judge or Justice to be correct, and filed with the County Clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the County Treasurer in favor of such Judge or Justice for the amount so approved. Provided the Commissioners' Court shall not pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney, or his assistant, Criminal District Attorney or his assistant, and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of same."

Article 1072, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"Sheriffs and constables serving process and attending any examining court in the examination of a misdemeanor case shall be entitled to such fees as are allowed by law for similar services in the trial of such cases, not to exceed three dollars in any one case, to be paid by the defendant in case of final conviction."

The case of Ex Parte Shaffer, 92 SW (2nd) 250, Texas Court of Criminal Appeals, in construing Article 1019, Vernon's

Annotated Texas Code of Criminal Procedure, held that a defendant convicted of a felony of driving while intoxicated and sentenced to pay a fine of $100.00 could be confined to the county jail, county workhouse or county farm until he had satisfied the costs.

Article 1019, supra, provides that in such cases (named in the statute) that the costs shall be taxed, assessed and collected as in misdemeanor cases.  Therefore, we conclude that insofar as the taxation, assessment and collection of such costs that such cases should be considered as misdemeanors for such purposes.

In answer to your first question you are respectfully advised that it is the opinion of this department that under the facts stated the county would be liable to the Justice of the Peace and constable for one-half of the legal fees due said officers.  The fees of the Justice of the Peace, under the above facts, would be controlled by Articles 1052, 1071, and 1055, supra.  The fees of the constable, under the above stated facts, would be controlled by Articles 1065, 1072 and 1055, supra.

Having answered your first question in the affirmative it is not necessary to answer your second question.  However, we wish to point out that Article 1027, C.C.P., supra, excepts cases where the defendant is indicted for murder.  Article 1027, C.C.P., supra, also excepts county attorneys and criminal district attorneys from its provisions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED NOV 25, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/R.W.F. Chairman