## DENTON COUNTY v. LOWREY et ux.
### No. 14367.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 28, 1941.

Earl L. Coleman and W. K. Baldridge, both of Denton, for appellant.

Davis & Davis, of Denton, for appellees.

McDONALD, Chief Justice.

Appellees have filed a motion to dismiss the appeal, and to strike the transcript and statement of facts.

The case is a condemnation suit, tried in the County Court of Denton County. Judgment was rendered during the April, 1941, term of the court, which term, by order duly made by the Commissioners' Court, began on the 21st day of April and ended on the 19th day of July. Appellant, the plaintiff below, filed its original motion for new trial on June 26th, and filed its amended motion for new trial on July 19th. On the last mentioned date R. B. Gambill, acting as special judge and before whom the case was tried, made and had entered an order undertaking to extend the term of court until and including the 23rd day of August, for the purpose of considering the motion for new trial. On August 22nd, he signed an order overruling the motion for new trial.

The only notice of appeal by appellant was given at the time the motion for new trial was overruled on August 22nd.

The transcript and statement of facts were filed in the Court of Civil Appeals on October 20th.

It has been held that the county court has no power to extend a term of court. Citizens State Bank of Frost v. Miller, Tex.Civ.App., 115 S.W.2d 1183, and cases there cited. As is observed in 31 Tex.Jur., 160–161, a motion for new trial, in a suit in the county court, must be determined at the term of the court at which it is made. Article 2232, R.C.S. The failure or refusal of the court to act upon the motion during the term of court at which it is made is in effect a denial of the motion. It has many times been held, since the decision in McKean v. Ziller, 9 Tex. 58, that the requirement of hearing the motion for new trial at the same term at which it is made is mandatory, except in those situations where the statutes authorize the hearing at a subsequent term, as under Article 2092, Vernon's Ann.Civ.St. art. 2092, relating to practice in certain district courts. Appellant offers proof, in the form of affidavits, to the effect that appellees requested the trial judge to extend the term for the purpose of hearing the motion, and argues that it would be inequitable for this court to make an order which would in effect allow appellees to benefit from an error which they invited. It has been held, however, that the parties cannot waive the requirements of the rule now embodied in Section 4 of Article 2232. Bradford v. Malone, 49 Tex.Civ.App. 440, 130 S.W. 1013; White v. Day, Tex.Civ.App., 230 S.W. 843. In the last case it is held that the time within which to give notice of appeal and to perfect the appeal must be counted from the last day of the term at which the motion for new trial was made, which, in the case on appeal, was July 19th. It follows, therefore, that the notice of appeal was not given in time, Art. 2253, R.C.S., Vernon's Ann.Civ.St. art. 2253, and also that the transcript and statement of facts were not filed within the required time in this court. In Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561, there was entered what the Supreme Court held to ·be a void order attempting to extend the term of court for the purpose of passing upon the motion for new trial. Notice of appeal was not given until the conclusion of the hearing, at the subsequent term, on the motion for new trial. The Supreme Court held that the appeal would have to be dismissed.

For failure to give notice of appeal, or to file the record in this court, within the time required after July 19th, the last day of the term, the appeal must be dismissed, and the transcript and statement of facts ordered stricken.