

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN

~~ATTORNEY GENERAL~~

**ATTORNEY GENERAL**

This Opinion
Modifies Opinion
# O-1981

Honorable Dewey S. Walker
County Attorney
Walker County
Huntsville, Texas

Dear Sir:                 Attention: Robert B. Smither

Opinion No. 0-4680

Re: Under the facts submitted is the
sheriff of Walker County entitled
to collect his fees for the
transportation of defendant,
under Article 567-b, Section 5,
Vernon's Annotated Penal Code,
from the State or if the defendant
should be required to remain in
the county jail until he has
satisfied such costs?

Your letter of June 20, 1942, requesting the opinion of this department
on the above stated question reads as follows:

"In Re:  State vs. William B. Palmer,
County-Court, Walker County,
Texas

"In the above case the defendant has pleaded guilty to
the offense of passing a hot check in the amount of
$10.00 and his punishment assessed at one day in
jail and costs of Court. The defendant was located
at New Braunfels, Texas, and held there for the
sheriff of Walker County, Texas, who went after the
defendant and transported him to his county.

"The question is whether the sheriff of Walker County
is entitled to collect his fees for the transportation
of the defendant under Article 567-b, Section 5 from
the State or if the defendant should be required to
remain in the County Jail until he has satisfied such
costs?

"We are unable to find any cases where this question
has been construed by the Courts.

"It appears the only method by which the sheriff could
collect his fees from the State would be by the district
court approving an account for the same as provided in
Article 1030 of the Code of Criminal Procedure, however,
in view of Article 1019 of the Code of Criminal Procedure
it appears likely the district court would not be authorized
to approve the sheriff's account and the defendant would
be required to remain in the county jail until all costs
were satisfied.

"Ex parte Shaffer, 92 S. W. 2d 250; Overstreet vs. State,
15 S. W. 2d 1039."

In opinion No. O-1981, this department held, among other things, that:

" . . . Officers issuing and serving process in misdemeanor
cases arising under Article 567b of the Penal Code are
entitled to such fees as they would be in any other mis-
demeanor case . . . .

". . . .

"Where a defendant is convicted of a misdemeanor offense
under the above mentioned article and is unable to pay
his fine and costs and satisfies the same working on public
works or remaining in jail as provided by Articles 785-797,
inclusive, of the Code of Criminal Procedure, the officers
or witnesses would be entitled to collect from the county
one-half fees as in other misdemeanor cases as provided
by Article 1055, of the Code of Criminal Procedure. Bearing
in mind that officers issuing and serving process are only
entitled to the same fees and mileage as in other misdemeanor
cases. "We enclose a copy of this opinion herewith.

With reference to opinion No. 1981, Supra, it will be noted that it is
stated in part; "the officers or witnesses would be entitled to collect from
the county one-half fees", etc. The word "witnesses" was inadvertently
inserted. Witnesses are not entitled to any fees under Art. 1055 C. C. P.
Therefore, opinion No. 1981, is modified accordingly.

Article 235, Vernon's Annotated Code of Criminal Procedure, provides:

"One arrested for a misdemeanor shall be taken before a
magistrate of the county where the arrest takes place who
shall take bail and transmit immediately the bond so taken
to the court having jurisdiction of the offense."

You do not state in your letter whether or not the provisions of Article 235, supra, were complied with. However, for the purposes of this opinion we assume that the provisions of this statute were complied with, and that the defendant did not enter into and execute a bail bond and the defendant was committed to jail of the county where he was arrested under Article 236, Vernon's Annotated Code of Criminal Procedure, and the magistrate committing him notified the sheriff of Walker County in which the offense was alleged to have been committed of the arrest and commitment, and the sheriff receiving the notice went for the defendant and brought him before the proper court as authorized by Article 237, Vernon's Annotated Code of Criminal Procedure.

In view of the foregoing, you are respectfully advised that it is the opinion of this department that the sheriff of Walker County is not entitled to collect his fees for the transportation of the defendant from the State and that the defendant should be required to remain in the county jail until he has satisfied such costs at the rate of $3.00 per day. (Ex parte Ferguson, 123 S. W. (2d) 408 and Ex parte Patterson, 132 S. W. (2d) 411.) And as the county officials of Walker County are compensated on a fee basis the sheriff would be entitled to collect from the county one-half his mileage and other fees as in other misdemeanor cases as provided by Article 1055, Code of Criminal Procedure.

Trusting that the foregoing fully answers your inquiry, we are.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/  Ardell Williams
Assistant

AW:GO/Ldw

APPROVED JUL 8, 1942
s/  GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN