**EAGLE LAKE IMPROVEMENT CO. et al.**
**v. UNITED STATES.**

No. 10706.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1944.

As Amended April 6, 1944.

Ralph B. Lee and R. E. Seagler, both of Houston, Tex., I. W. Keys, B. D. Tarlton, M. G. Eckhardt, Jr., J. R. Sorrell, and Ben F. Vaughan, Jr., all of Corpus Christi, Tex., Ben H. Powell, of Austin, Tex., and Jacob S. Floyd, of Alice, Tex., for appellants.

Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., for appellee.

Before HOLMES and LEE, Circuit Judges.

HOLMES, Circuit Judge.

In condemnation proceedings preliminary to the establishment of the Corpus Christi Naval Air Station, the United States acquired title to a mineral leasehold estate theretofore belonging to appellants. A controversy developed as to the value of the estate, and three commissioners were appointed who appraised the aggregate mineral interests at the nominal value of one dollar. Dissatisfied with this determination, appellants demanded a trial de novo before a jury in the district court, which resulted in the entry of judgment upon a jury verdict that the leasehold was valueless.

At the outset we are met with a jurisdictional question, raised by the Government's motion to dismiss the appeal, as to whether the appeal was taken within the time allowed by law. Judgment was entered below on October 17, 1942. A motion for a new trial was filed on October 27, 1942, which was entertained by the court and was finally denied on February 20, 1943. The notice of appeal was filed May 11, 1943, more than 200 days after the entry of judgment but within three months of the order denying the motion for a new trial.

If the Federal Rules of Civil Procedure had been applicable to the proceedings below (as the trial court ruled), the motion for a new trial would have been timely made and the appeal, being taken within three months of the denial of the motion, would have been within the time prescribed by statute.[1] However, Section 2 of the General Condemnation Act of 1888, under which these proceedings were instituted, provides that the practice, pleadings, forms, and modes of proceeding in causes arising under the Act shall conform, as near as may be, to that existing at the time in like causes in the courts of record of the state within which the court is held.[2] Except as to appellate practice and procedure, the Federal Rules of Civil Procedure did not affect this statutory mandate.[3] Under the controlling Texas procedure, motions for a new trial are required to be made within two days after the entry of the judgment;[4] but this rule is directory only, and it lies within the discretion of the judge, in the exercise of the inherent power of the court to alter, modify, or set aside its judgments within the term, to entertain a motion filed after the expiration of the two-day period but within the same term of court.[5] We think that where the judge exercises his discretion to entertain the motion, it is in fact timely made and the three-month period pre-

[1] Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 14 S.Ct. 4, 37 L.Ed. 986; Kingman & Co. v. Western Mfg. Co., 170 U.S. 675, 18 S.Ct. 786, 42 L.Ed. 1192; Louisville Trust Co. v. Stockton, 5 Cir., 72 F. 1; Suggs v. Mutual Ben. Health & Accident Ass'n, 10 Cir., 115 F.2d 80; 28 U.S.C.A. § 230.

[2] 25 Stat. 357, 40 U.S.C.A. § 258.

[3] Rule 81(a) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[4] Rule 320 of the Texas Rules of Civil Procedure.

[5] Dittman v. Model Baking Co., Tex. Com.App., 271 S.W. 75; Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 48 A.L.R. 355; Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933; 31 Tex.Jur., New Trial, page 119.

scribed for appeal only begins to run from the date on which the order is entered denying the new trial.[6]

■■ Appellants' principal contention is that the charge of the court erroneously stated the law applicable to the issue of mineral value and was misleading, contradictory, and prejudicial. The instructions to which objection was made in substance charged that the jury should find the mineral interests valueless unless from the evidence it was believed that a reasonable probability existed that oil or gas in paying quantities might be produced. As held in Olson v. United States, 292 U.S. 246, 257, 54 S.Ct. 704, 78 L.Ed. 1236, elements affecting value that depend upon occurrences which, though possible, are not reasonably probable, should be excluded from consideration as too speculative and conjectural to afford a basis for the judicial ascertainment of value. In Texas, however, a mineral lease is recognized by law as being property having a market value even if it covers undeveloped territory.[7] Where oil interests are involved, a reasonable probability of successful development is sufficient to make leasehold estates of great value; indeed, where there is a reasonable possibility of production in paying quantities,[8] mineral rights are a common subject of barter and sale, and therefore have a definite, ascertainable market value, even where the prospects of successful development are too speculative and remote to be "reasonably probable." In any event, such leases have a nominal value.

■ The mineral leaseholds here involved are immediately adjacent to a currently productive oil field. Whether or not that field is a domal structure the probable limits of which have been determined by exploration to reach to but not beyond the boundaries of the condemned lands, if the uncertainties are such that the mineral interests in the condemned lands are bought and sold in arms-length transactions for a valuable consideration, they have a market price translative into a fair market value for condemnation purposes.[9] The charge

of the court did not correctly state the law applicable to the issue presented, and was prejudicial to the rights of appellants.

We find no errors in the court's rulings upon the admissibility of evidence. All other assignments of error relate to questions which are not likely to arise upon another trial. As to these, we express no opinion.

The judgment is reversed, and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion. No costs of appeal may be assessed against the United States.

---

[6] Chapman v. Federal Land Bank of Louisville, Kentucky, 6 Cir., 117 F.2d 321. Cf. Commercial Standard Ins. Co. v. Lowrie, supra.

[7] Humble Oil & Refining Co. v. Woods, Tex.Civ.App., 277 S.W. 152; Humble Oil & Refining Co. v. State, Tex.Civ.App., 104 S.W.2d 174; Fontenot v. Ludeau, 190 La. 133, 182 So. 125.

[8] Montana R. Co. v. Warren, 137 U.S. 348, 11 S.Ct. 96, 34 L.Ed. 681; Humble Oil & Refining Co. v. State, Tex.Civ. App., 104 S.W.2d 174.

[9] United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55. Cf. Securities and Exchange Comm. v. C. M. Joiner Leasing Corp., 5 Cir., 133 F.2d 241.