**GAGE et al. v. DALLAS POWER & LIGHT CO.**

No. 14402.

Court of Civil Appeals of Texas. Dallas.

June 8, 1951.

George Sergeant, Sarah Daniels, John A. Erhard and Philip Wilson, all of Dallas, for appellants.

Autry Norton and Worsham, Worsham & Riley, all of Dallas, for appellee.

PER CURIAM.

This proceeding was filed by appellee to condemn certain property owned by appellants. After the statutory procedure before the Commissioners, exceptions were filed to the award and the cause was properly docketed for trial in the County Court. On a jury trial there, the verdict was on special issues. The court on October 30, 1950, rendered judgment on such issues. Appellants' motion for new trial was filed November 2, the third day after entry of the judgment. The statutory September Term was extended by proper order November 3, 1950 until November 25, 1950. The motion for new trial was overruled November 18, 1950 and appeal bond filed December 18, thirty days after the order overruling the motion for new trial.

Under this record, appellee has filed a motion to dismiss the appeal, (1) for failure of appellants to file a motion for new trial within two days after entry of the judgment; and (2) for failure of appellants to file their appeal bond within thirty days after rendition of the judgment. The motion requires a construction of Rules 5 and 320, Vernon's Texas Rules of Civil Procedure. Rule 320 requires a motion for new trial to be filed within two days after entry of the judgment. Its source is Art. 2232, R.C.S.1925. Rule 5 provides as follows: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; but it may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto."

The source of this Rule is Federal Rules of Civil Procedure, Rule 6(b), 28 U.S.C.A.

Under Rule 5 the trial court had no authority or discretion to extend the time for filing motion for new trial. However this did not in any way affect the trial court's inherent jurisdiction over its own minutes and judgments during the term at which they were rendered or the court's right to set aside the judgments at any time before November 25, 1950. But the trial court, although he could have declined to do so, did entertain the motion for new trial within the extended term at which the judgment was rendered, thereby, in effect, setting aside its first judgment; re-examined the record, and, by overruling the motion, reaffirmed its former judgment.

If upon the consideration by the court of the motion for new trial, it had decided to sustain the motion, it would have effectually set aside its former judgment.

Having entertained the motion for new trial, which was within the discretion of the trial court, and having overruled it, the appeal bond was filed within time under Rule 320, to wit, within thirty days after the overruling of the motion for new trial. Eagle Lake Improvement Co. v. United States, 5 Cir., 141 F.2d 562, and Texas cases (also 31 Tex.Jur. 119) there cited. Since the Federal courts have construed Rule 5, which was originally Federal Rule

6(b), in the light of our rules governing the trial court's authority over its minutes during the term, we approve and adopt as ours the reasoning and conclusions reached by the Circuit Court of Appeals, and hold, under the facts here, that the appeal bond was filed within time and gave this Court jurisdiction. The motion is therefore overruled.

## On Rehearing

CRAMER, Justice.

At a former day we overruled appellee's motion to dismiss this appeal for want of jurisdiction. In its motion for rehearing appellee now raises the question of the right and authority of a County Court to extend a term of court and, in particular, the right of the Judge of the County Court at Law No. 1 to extend its September 1950 term beyond its statutory termination. The September term continued until the commencement of the November 1950 term. The November 1950 term began November 6th, which was the first Monday in November. Art. 1970-28, Vernon's Tex.Civ.St. This contention must be sustained on the authority of 11 Tex.Jur., sec. 74, p. 809; McDonald's Texas Civil Practice, sec. 1.37, footnote 86; Citizens State Bank, etc., v. Miller, Tex. Civ.App., 115 S.W.2d 1183; Denton County v. Lowrey, Tex.Civ.App., 156 S.W.2d 546.

 It appears that although the Legislature has provided for an extension of the term of court by the District Courts of our State by an order complying with the provisions of the statute, they have failed to authorize by statute an extension of the term of the County Court of Dallas County at Law No. 1. In Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561, the Commission of Appeals held that even the District Court has limited statutory authority to extend its term and that the order itself must come within the express terms of the statute; otherwise even the District Court's order extending the term would be void. Jurisdiction of this appeal cannot be conferred on this Court except in accordance with the statute. The order extending the September 1950 Term, being without statutory authorization, was void, and appellants' motion for new trial was overruled by operation of law at the end of the statutory September 1950 Term, which ran until the beginning of the November 1950 Term, to wit, November 6, 1950.

The appeal bond was not filed within 30 days after the September Term ended, but was filed December 18, 1950, some 43 days after the motion for new trial was overruled by operation of law.

We were therefore in error in our former order overruling appellee's motion to dismiss this appeal. The motion for rehearing is granted and the motion to dismiss is now sustained.

Appeal dismissed for want of jurisdiction in this court.