**RESERVE LIFE INSURANCE COMPANY,**
Appellant,

v.

**Alex CLARY et al., Appellees.**

Nos. 10697–10707.

Court of Civil Appeals of Texas.

Austin.

Dec. 2, 1959.

Joe Bailey Humphreys, William T. Ward, Dallas, for appellant.

No brief filed for appellees.

ARCHER, Chief Justice.

This is an appeal from summary judgments in eleven cases in favor of the respective appellees for various sums, but the questions are the same in each case and we will dispose of all the appeals in this opinion.

The appeal is based on seven points assigned as error by the court in ruling that no genuine issue of material fact existed in the cases; that there is no evidence to support the judgments; that the judgments are void as all were rendered out of term and are based on hearsay and erroneous as a matter of law by containing illegal penalties; that no valid assignment from the policy "Insured" to plaintiffs was plead, and finally the judgments are erroneous because each contains an award in excess of the alleged actual medical expenses and includes attorney's fee and 12 per cent damages, not to the insured but to plaintiffs, who are strangers to Article 3.62, Insurance Code, V.A.T.S.

These suits were instituted by Alex Clary and Mrs. Alex Clary, d/b/a Green Cross Sanitarium, as a partnership, who are appellees herein, and are similar in nature and allegations, the only difference being in the names of the alleged insured and the extent of claimed injuries and amounts.

These cases are briefed together by appellant (appellees have not briefed the cases) and we shall dispose of the appeals in one opinion.

By pleading appellees alleged the issuance of the policies and the terms thereof, attaching a copy of such, and sought recovery for a sum of money based on the number of days the respective injured or sick insured were hospitalized on a fixed daily charge, x-ray and other medical treatments, cost of medicines and the total amount of such charges, and alleged the amount of such total as being covered by the policies, demand for payments, for attorney's fee of $250 and for 12 per cent of the amount of such charges covered by the policies and alleged an assignment of the benefits.

Generally, the amount alleged to be within the policy coverage was about one half of the hospital charge.

Appellant filed its answers to the petitions, with special exceptions and with a cross action against appellees and Dr. James H. Playfair, Lucy Ratcliff and Dr. Clay Nichols for $500.

Plaintiffs filed their Motion for Summary Judgment in each of the several cases, with supporting affidavits made by Mrs. Alex Clary, Dr. Nichols and Dr. Playfair in some of the cases, and in others by the named insured, and all are to the same tenor and effect.

The defendant filed its reply to the Motions for Summary Judgments and said that the motions were defective, were based on hearsay and that there was a genuine issue as to a material fact, as to the actual conditions of health which resulted in hospitalization, the origin of any claimed illness, the expense actually necessary, as to notice and demand and as to attorney's fees, and prayed that the motions be denied and that the cases be set down for trial on the merits. This reply was accompanied by affidavits and the statements of plaintiffs made under oral depositions.

Dr. Nichols and Dr. Playfair answered by general denial.

On December 22, 1958, the Motions for Summary Judgments came on for hearing and the judgments complained of were rendered and signed by the then County Judge and filed for record on the same date.

On December 31, 1958, appellant filed Motions for New Trial, alleging that the judgments were fatally defective, were founded on hearsay and conclusion of the movants and that the affidavits did not recite the factual basis of an opinion and that there were no pleadings or evidence to support the judgments and were void as having been rendered out of termtime.

On February 4, 1959, the following proceedings were had:

"Be It Remembered, that upon a hearing held in this court on or about January 14, 1959 in the above entitle and numbered cause:

"1. That Defendant, raised an objection to the jurisdiction of this Court, it being the contention of Defendant that this Court was operating under the general statutes fixing the terms of the court as four (4) in number and lasting for a duration of three (3) weeks, the terms of court to begin on the first Monday of February, May, August, and November and that the Commissioners Court of Caldwell County had never passed any order or resolution providing for the terms of the County Court other than the general statutes and that the judgment rendered in this cause was rendered out of the term time of this court and was void the Court not having the jurisdiction to render this judgment.

"2. At the request of the Counsel for Defendant a thorough search of the minutes of the Commissioners' Court was made by Counsel for Plaintiffs, Mr James F Garner and Counsel for Defendant, Mr Joe Bailey Humphreys and it was reported by them to the Court that a thorough search of the minutes failed to disclose any entry at all which affected the terms of this Court.

"3. The Court overruled Defendant's objection and the judgment in this Court was affirmed."

On February 9, 1959, the following order was entered:

"Be It Remembered that on this the 9th day of February, A.D.1959 at a regular meeting of the Commissioners' Court of Caldwell County, Texas, with the following persons being present, to-wit: Edgar Black, Sr. County Judge of Caldwell County, Texas; R. H. Schroeder, Commissioner Precinct No. 1; George D. Wilson, Commissioner Precinct No. 2; Roland Meadows, Commissioner Precinct No. 3; W. J. Harris, Commissioner Precinct No. 4, came on to be considered the question of the terms of Court for the County Court of Caldwell County, Texas, for the transaction of both Civil and Criminal matters.

"Upon the motion of George D. Wilson, seconded by Roland Meadows, it was unanimously ordered and decreed that the County Court of Caldwell County, Texas, shall have Six (6) annual terms, they being as follows:

Term No. One being for the months of January and February; Term No. Two being for the months of March and April, Term No. Three being for the months May and June; Term No. Four being for the months of July and August, Term No. Five being for the months September and October, and Term No. Six being for the months November and December. The Justice Courts of Caldwell County, Texas, shall be in continuous Session."

We will first consider the question of jurisdiction of the court to render the judgments.

Article 1961, Vernon's Ann.Civ.St., reads:

"The County Court shall hold at least four terms for both Civil and Criminal business annually, and such other terms each year as may be fixed by the Commissioners' Court. After having fixed the times and number of the terms of a County Court, they shall not change the same until the expiration of one year. Until, or unless otherwise provided, the term of the County Court shall be held on the first Monday in February, May, August and November, and may remain in session three weeks; provided said court shall be open at all times for the transaction of probate business."

Under this statute the term of the County Court of Caldwell County terminated at the end of three weeks from the first Monday in November, 1958 or on the 22nd of November, 1958, and Article 1962, V.A.C.S., provides that Commissioners' Court may, at a regular term, by order provide for more terms of the County Court and fix times and length of terms, etc.

The defendant raised the lack of jurisdiction, and since the County Court was out of termtime for disposition of these cases on December 22, 1958, the judgments are therefore void.

The order of the Commissioners' Court made on February 9, 1959, would not have the effect of extending the 1958 November Term of the County Court. No provision for the extension of terms of the County Court for the conclusion of pending business had been made. Citizens State Bank of Frost v. Miller, Tex.Civ.App., Waco, 115 S.W.2d 1183; Denton County v. Lowrey, Tex.Civ.App., 156 S.W.2d 546; City of Amarillo v. Henn, Tex.Civ.App., 297 S.W. 2d 732, reversed on other grounds in Henn v. City of Amarillo, 157 Tex. 129, 301 S.W. 2d 71.

Since we have concluded that the judgments are void as having been rendered out of termtime it is not necessary to pass on the question of the rendition of the Summary Judgments but we do observe that the defendant did raise genuine issues as to material facts and that the judgments were improperly rendered. Rule 166–A, Texas Rules of Civil Procedure; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

The duty of the court hearing a motion for Summary Judgment is to determine if there are any issues of fact to be tried and not to weigh the evidence or determine its credibility. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93.

We also note that no disposition by judgment was made of appellant's cross action. This should be done.

The judgments are reversed and the causes remanded.

Reversed and remanded.