Tony **LECHUGA** and wife Lydia Lechuga, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 25223.

United States Court of Appeals Fifth Circuit.

May 23, 1968.

Arturo R. Aguirre, Gerald B. Shifrin, El Paso, Tex., for appellants.

Ernest Morgan, U. S. Atty., Charles Andrew Gary, Asst. U. S. Atty., San Antonio, Tex., Edwin L. Weisl, Jr., Asst. Atty. Gen., Clyde O. Martz, Roger P. Marquis, Robert S. Lynch, Edmund B. Clark, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES, BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

On February 16, 1966, the United States, in furtherance of its "Chamizal Project" with Mexico,[1] condemned certain property in the city of El Paso, Texas. The condemned property included a vacant lot of approximately 16,500 square feet which was owned by the appellants. A trial by jury was conducted on January 9–10, 1967, during which the appellants contested only the value of their land being condemned. From a jury award of $7,500 they appeal. We affirm.

At the trial the appellants offered testimony and exhibits related to another government project, a border crossing facility known as the Cordova Island Project, which they claimed had enhanced their land. Such project had not required the taking of the appellants' land and, in fact, may have had an enhancing effect. However, because it had required the use of the same land necessary for the Chamizal Project, the border crossing facility had been cancelled as early as April 1965. The trial court denied the admissibility of evidence concerning enhancement of property values due to the first project, and the appellants claim error in this refusal.

■ The measure of just compensation is the fair market value at the time of the taking. United States v. Miller, 1943, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336; United States v. Smith, 5 Cir. 1966, 355 F.2d 807, 809. The appellants do not deny that the Cordova Island Project had been terminated nearly a year before the taking of their land. Instead, they suggest that when a prospective government project enhances property value, the government is bound by the enhanced value even if it cancels the project. Such a suggestion is indefensible. Bubbles do burst, and the government should not be penalized for its decision not to grant an inchoate bonanza. Cf. United States v. Rands, 1967, 389 U.S. 121, 88 S.Ct. 265, 19 L.Ed.2d 329 (and cases cited therein); Public Utility District No. 1 of Pend Oreille Co. v. City of Seattle, 9 Cir. 1967, 382 F.2d 666, 672–673 (at [5]), petition for certiorari filed January 18, 1968, 390 U.S. 935, 88 S.Ct. 1051, 19 L.Ed.2d 1127.

■ The appellants also contend that they were unduly restricted in their attempts to prove increased property values through a potential "spot" zoning change. On the contrary, the court did give instructions of possible zoning changes, and its handling of the highly speculative testimony on this issue was indeed generous to the appellants. See Olson v. United States, 1934, 292 U.S. 246, 257, 54 S.Ct. 704, 78 L.Ed. 1236, 1245–1246; Public Utility District No. 1 of Pend Oreille Co. v. City of Seattle, supra, 382 F.2d at 673; Wilson v. United States, 10 Cir. 1965, 350 F.2d 901, 909; United States v. Buhler, 5 Cir. 1962, 305 F.2d 319, 328–329; Eagle Lake Improvement Co. v. United States, 5 Cir. 1944, 141 F.2d 562, 564.

■ Finally, the appellants claim reversible error alleging that the district court's charge sought a subjective rather than an objective determination of value. On the contrary, we find the charge clear enough to withstand even hypercritical analysis. The words of the charge in context conveyed to the jury the proper standard.

Affirmed.

1. See The American-Mexican Chamizal Convention Act of 1964, 78 Stat. 184, 22 U.S.C. § 277d (17–25).