No. 1936.—D. CONNORS, for the use, etc., *v.* CITIZENS' MUTUAL INSURANCE COMPANY—G. W. AVERY, Appellant.

A statement of facts on which the case was tried in the court below, showing a less amount than five hundred dollars to be due, will not divest the appellate court of jurisdiction, if the pleadings on which the action is founded show an amount above five hundred dollars to be in dispute.

The sheriff is authorized by law to pay his own costs and those of the clerk of the court who issued the process out of the funds realized by the sale of property under a writ of *fieri facias,* and the debtor can only claim the surplus after such costs are paid.

A rule against the sheriff to pay over certain amounts in his hands, realized from the sale of property under seizure, will be discharged if the evidence does not show the amount he is entitled to retain for costs.

APPEAL from Fourth District Court, parish of Orleans. *Théard,* J. *Hays & New,* for G. W. Avery, appellant. *A. Robert* and *G. Schmidt,* for liquidating commissioner, appellee.

HOWELL, J. H. Bezou, commissioner, took a rule on G. W. Avery, late sheriff, to show cause why he should not pay over the sum of seven hundred and two dollars and twenty-five cents, proceeds of certain property belonging to the Citizens' Mutual Insurance Company, and sold by said sheriff, and which he refuses to account for to the mover representing said company.

The rule was made absolute so far as to order the ex-sheriff to pay three hundred and eighty-three dollars and twenty-five cents, the amount of proceeds remaining in his hands after paying the landlord's claim; and he appealed.

No answer to the rule was filed, but it seems to have been tried on the following statement of facts, comprising all the evidence adduced, to wit:

Connors v. Citizens' Mutual Insurance Company—Avery, Appellant.

"It is agreed by counsel, on the trial of this rule, that the sheriff received ($702 25) seven hundred and two dollars and twenty-five cents, less (318 96) three hundred and eighteen dollars and ninety-six cents retained by the landlord under his lien, and the remainder is held by the sheriff for costs incurred in this suit for keeping, advertising and other charges."

It is contended by the appellee that this court is without jurisdiction, because the amount in dispute, as shown by the statement of facts, is less than five hundred dollars, and he refers us to the case of Municipality v. Corning, 4 An. 407, to support his position.

In that case, two defendants were sued for four hundred dollars, as a tax imposed on their calling. They admitted their liability for two hundred dollars, which they deposited in court. Plaintiff took judgment for that amount, reserving its right to the balance, upon which there was a trial and judgment rendered for plaintiff.

In this case, the demand is for seven hundred and two dollars and twenty-five cents, and the evidence shows how the demand is met, viz: that the landlord's claim absorbed three hundred and eighteen dollars and ninety-six cents of the proceeds claimed as being in the sheriff's hands, and that the balance was held by the sheriff for costs incurred in the-case. This result was attained, not by reducing the demand by pleading, but by proof administered. It was a matter of evidence, not of pleading, and under the pleadings, so far as they appear in the record, the matter in dispute was over five hundred dollars.

Upon the merits : There being proof that costs were incurred in the suit, a portion of the record of which only is before us, and there being no proof or dispute as to the amount of the costs for which the money was held by the ex-sheriff, the rule should have been dismissed. The fact is shown that costs were due, and the sheriff is, by law and the writ under which he sells, authorized to pay his own and the clerk's costs out of the proceeds of the property sold by him. It is only the surplus, after the suing creditor and the costs are paid, that the debtor can recover. C. P. 704.

We are not enabled, in this proceeding, to determine whether or not the sum retained more than covers the costs which bear a privilege on the property sold. C. C. 3219—23. It does not appear that there are other claims of equal dignity with that of the sheriff's, and that there is no other property out which they can be paid.

It is therefore ordered that the judgment appealed from be reversed, and that the rule herein be dismissed, without prejudice to the rights of the parties. Appellee to pay costs in both courts.

Rehearing refused.