(70 South. 53)

No. 21383.

C. C. HARDEMAN CO., Limited, v. CADDO CONCRETE CONST. CO. et al.

(Nov. 2, 1915.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞53 — JURISDICTION — AMOUNT INVOLVED—PLEADING.

The amount of a claim, asserted in the pleadings of one litigant (save where found to be purposely exaggerated), and denied in those of another, remains the amount in dispute, quoad the question of jurisdiction, until the whole or some part of it is similarly withdrawn therefrom, and the appellate court will not go behind the pleadings and examine the evidence adduced on the trial for the determination of that question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 254–260; Dec. Dig. ☞ 53.]

Action by C. C. Hardeman Company, Limited, against the Caddo Concrete Construction Company and others. An appeal from a judgment for plaintiff was dismissed by the Court of Appeal, and the Southwestern Surety Company, defendant, applies for writ of mandamus. Ordered that writ of mandamus issue.

Thigpen & Herold and Elias Goldstein, all of Shreveport, for relator. Clem V. Ratcliff, of Shreveport, for respondent Union Realty Co.

Statement of the Case.

MONROE, C. J. Plaintiff brought suit in the district court against the Caddo Concrete Construction Company and Union Square Realty Company for $178.10, as the price of material furnished for the laying of sidewalks which the Construction Company had contracted to lay in front of the property of the Realty Company, the allegations of the petition being, that the work was to be done for a price not exceeding $1,000; that the contract was not reduced to writing; that no bond was taken by the Realty Company; and that neither contract nor bond was recorded within 30 days. The Construction Company filed no answer. The Realty Company answered, denying any indebtedness to plaintiff, and alleging that it made a paving contract with the Construction Company, which called for more than $1,000, took a bond, with the Southwestern Insurance Company as surety thereon, and recorded both the contract and the bond; that it is advised that, besides the claim set up by plaintiff, the General Paving Company, Ltd., of Shreveport, has a claim, amounting to $285.25, for material furnished for the execution of the contract in question, and that the Builder's Supply Company, of Shreveport, has a similar claim, for $131.10, and that the contract has not been complied with. And (omitting some other matters which are set up, but which are not material to the issue here presented), it calls the Southwestern Surety Company in warranty and prays for the dismissal of the suit, or, should there be judgment for plaintiff, that a like judgment be rendered in its favor and against said Surety Company—

"and against said warrantor and Surety Company and in favor of the General Paving Com-

pany, Ltd., of Shreveport, for $285.25; and a judgment in favor of the Builder's Supply Company, of Shreveport, for $131.10, and for any other amount which may be due for material and supplies, and all interest, costs, and damages that the defendant may have sustained by reason of this suit and the breach of said bond," etc.

The Surety Company answered the call in warranty as follows: It admits the execution of the bond sued on, but denies that it is liable for any of the sums claimed by the Realty Company, or to any furnishers of material to, or creditors of, the Construction Company, and it alleges that the Realty Company failed, in various particulars, which are set forth, to comply with the contract with reference to which the bond was executed; that, without the knowledge of appearer, it entered into a compromise with the Construction Company, whereby it agreed to pay $800, in satisfaction of a claim of $1,245, and still owes $100 under that agreement. The case was tried in the district court upon the issues so presented, and there was judgment in favor of plaintiff and against the defendants, in solido, for $178.10, with recognition of lien to the extent of $100, and in favor of the Realty Company and against the Surety Company, called in warranty, for $78.10 and costs. From the judgment so rendered, the Surety Company appealed to the Court of Appeal, which tribunal, after stating the case, assigned the following reasons for its judgment, to wit:

"The amount demanded by the plaintiff is $178.10, and, as between it and the two defendant companies, that sum is the amount in dispute. But the Realty Company has called upon the Surety Company to save it harmless, and it admits that, in its settlement with the Construction Company it withheld $100, for the amount due that company, for the very purpose of paying the debts due by it for materials. It is true that the admission is not made in the pleadings, but the fact is testified to by its president, and the judgment takes this into account and condemns the Surety Company to pay only $78.10, that is, the difference between what the Realty Company has in its hands, for the purpose of making itself whole, and the full amount for which it is liable. Let us suppose that it had actually paid to the plaintiff the $100 which it held for that purpose. It is perfectly clear that the plaintiff would not have sued for more than $78.10. So far as the action against the Surety Company is concerned, it stands in the relation of defendant in the call in warranty, and the Realty Company is plaintiff, and the difference between what it is liable for, on the debt due the plaintiff by the Construction Company and the amount of that company's money which it holds in its hands for the purpose of discharging such liability, is the true amount in dispute. The amount in dispute at the time the judgment was rendered is the test of jurisdiction."

And the appeal having been dismissed, for want of jurisdiction, ratione materiæ, the Surety Company applied to this court for relief.

## Opinion.

If the Realty Company or the Construction Company had paid to plaintiff, prior to the institution of the suit, $100, or any other amount on account of its claim, it is quite likely that the suit would have been brought only for the balance due; and, if the entire amount of the claim had been paid, there would probably have been no suit. But there was no payment made, and plaintiff sued for $178.10, and the Realty Company came into court and, under the oath of its president, denied that it was "indebted to the petitioner in the sum of $178.10, or any other amount."

It then set up that it was advised that there were other claims, for material furnished to the Construction Company, which, in addition to that of the plaintiff, amounted to $594.45, and it prayed that, in the event of a judgment against it, there be judgment in its favor, against the Surety Company, as warrantor, for the $178.10, and, in favor of other parties for the balance of the $594.45. In the course of the trial, it was developed by the evidence, that is to say, from the testimony of the president of the Realty Company, that that company held in its hands $100, which was due under its contract, primarily, to the Construction Company, but which it had withheld, in a settlement made

with that company, to meet the outstanding claims, not, of the plaintiff, particularly, but of any persons having claims for material furnished for the execution of the contract, and, there being no other such persons before the court asserting such claims, plaintiff was given judgment against the holder of it (in solido with the Construction Company) for the $100, and the Surety Company, being credited for that amount upon the claim asserted against it for $178.10, was condemned to pay the Realty Company the balance of $78.10. Upon the face of the pleadings, therefore, the amount in dispute between the Realty Company and the Surety Company, when the judgment of the district court was rendered, was that originally asserted in the call in warranty. The Code of Practice (article 91) declares that:

"The question of jurisdiction must be decided by the amount claimed, and not by the sum actually due," etc.

But the Constitution of 1898 (article 98) declares that the jurisdiction of the Courts of Appeal—

"shall extend to all cases, civil or probate, when the matter in dispute or the funds to be distributed shall exceed $100, exclusive of interest, and shall not exceed $2,000, exclusive of interest."

And, for the purposes of this case, article 98 of the Constitution of 1913 may be said to be to the same effect.

The amount of a claim, asserted in the pleadings of one litigant (save where found to be purposely exaggerated) and denied in those of another, remains the amount in dispute, quoad the question of jurisdiction, until the whole, or some part of it, is similarly withdrawn therefrom, and an appellate court will not go behind the pleadings and examine the evidence adduced for the determination of that question, or for the purpose of de-termining its jurisdiction. Connors v. Citizens' Mut. Ins. Co., 22 La. Ann. 330; Miller v. Gidiere & Marmonde, 36 La. Ann. 202; Girardey & Co. v. New Orleans, 26 La. Ann. 291; State ex rel. Beauvais v. Judges, 48 La. Ann. 677, 678, 19 South. 617.

The Court of Appeal cites in support of its judgment the cases of Borde v. Lazarus, 127 La. 122, 53 South. 465; Smith v. Merchants' Mut. Ins. Co., 33 La. Ann. 1072; Girardey v. City of N. O., 26 La. Ann. 291; Denegre v. Moran, 35 La. Ann. 346; Hood v. Wise, 128 La. 731, 55 South. 335. In each of those cases the question of jurisdiction was determined from admissions or allegations contained in the pleadings.

We conclude, therefore, that the appeal was erroneously dismissed. It is suggested by counsel that the court not only review the ruling of the Court of Appeal, but, having so done, proceed to review the ruling of the district court, upon the merits of the case.

We have, however, just expressed the opinion that the case, upon its merits, is within the appellate jurisdiction of the Court of Appeal, and that that tribunal erred in declining to exercise that jurisdiction. If this court were now to assume such jurisdiction, the error would indeed be flagrant. Moreover, as in the matter which has been considered, we are to be guided in what we are to do rather by the pleadings that have been filed than by the suggestions contained in the briefs, and the prayer of the petition, upon which the case was ordered up, is—

"that a writ of mandamus issue in this cause, commanding and directing the honorable the Court of Appeal for the Second Circuit of the state of Louisiana, to reinstate on its docket the appeal taken in this cause and determine this cause on its merits."

It is therefore ordered that the writ of mandamus issue as thus prayed for.