182 So. 125

**FONTENOT v. LUDEAU et al. (six cases).**

**Nos. 34872–34877.**

May 30, 1938.

Philo Coco, of Marksville, and Chester Coco, of Ville Platte, for appellants.

McCoy, King & Jones, of Lake Charles, and Atlee P. Steckler and Roland B. Reed, both of Ville Platte, for appellees.

ODOM, Justice.

In each of the above cases, counsel for the appellees filed a motion to dismiss the appeal on the ground that this court has no jurisdiction ratione materiae.

Plaintiffs are landowners, each owning separate tracts in the same section of the Parish of Evangeline. In 1931 they executed separate mineral leases in favor of Emile Ludeau, each lease containing the usual one-eighth royalty clause. In the year 1934 each of the plaintiffs entered into a contract reciting that the grantor "does by these presents, grant, bargain, sell, convey and deliver" unto Emile Ludeau, Lawrence Ludeau and Atlee P. Steckler "One-Half (½) of the oil, gas and other minerals, in and under and that may be produced from" the lands owned by the grantor, the sales being made subject to the leases executed in 1931.

These six suits were filed in November, 1937, the purpose of the suit in each case being to set aside the mineral sales made in 1934. In each case it is alleged, as a cause of action, that the plaintiffs were induced to sign the acts of sale on the false and fraudulent representations made to them by the purchasers that they, the vendors, were conveying only one-half interest in the royalties reserved by them in the 1931 leases; that the purchasers misrepresented to them—some of whom cannot read English—that the leases made in 1931 were still in full force and effect, and that

they desired to purchase one-half' of the royalty rights, and that upon such representation they signed the acts of sale dated in 1934 for vile considerations.

But there is no allegation in any of the petitions as to the value of the mineral rights involved at the time the suits were filed. However, in the answer filed by defendants, it is alleged in each case that the mineral rights involved were worth less than $2000. The answers were verified as the law requires.

Coupled with the answer in each case was an exception of no cause of action, which was sustained by the court, and there was judgment dismissing plaintiffs' suits. So that there was no testimony introduced.

Each of the plaintiffs asked for an appeal devolutive and suspensive to this court and, at the same time and in connection with the motion for the appeal, filed in the lower court an affidavit made by the plaintiff that, at the time the suit was filed, "said property for its oil, gas and mineral rights was worth $250.00 to $300.00 per acre for a one-eighth (⅛) thereof". Considering the acreage involved in each suit, the value of the mineral rights, according to the affidavits, would far exceed $2000.

As a basis for fixing value the appellants stated in the affidavits that the land owned by them "forms part of and comprises a leased block of land on which has been discovered an oil well". The closing paragraph of the affidavits, all being similar, reads as follows:

"Deponent says further that she makes this affidavit for the purpose of establish-

ing to her knowledge the fact that the value of the property in litigation and the rights which she seeks to obtain thereby exceeds the sum of Two Thousand & 00/100 ($2,-000.00) Dollars, and that for this purpose files her affidavit and sworn statement to establish this value for the purpose of aiding the establishment of the jurisdiction of the Appellate Courts."

Counsel for appellees argue that these appeals should be dismissed "because the amount involved, as shown by the pleadings and record, is less than Two Thousand Dollars". Their contention is that the allegations in the answers are controlling as to the value of the right involved, or the amount in dispute, and that the court has no right to consider the affidavits filed by the appellants. They contend further that, even if it should be held that the allegations of the answers are not controlling, the affidavits filed in the cases cannot be considered because they were filed "after judgment had been rendered, read and signed, dismissing plaintiff's suit".

In their brief at page 3 they say "that an ex parte affidavit filed after judgment was rendered and not as evidence in the case is not a sufficient basis to set aside the appellate jurisdiction as established by the pleadings".

In support of their argument that, because it is alleged in the answers that the amount involved is less than $2000, this court should not consider the affidavit filed, counsel cite the case of Hardeman Co., Ltd., v. Caddo Concrete Construction Co., 138 La. 107, 70 So. 53, where it was held that,

in order to determine the amount in dispute in a law-suit (page 55), "an appellate court will not go behind the pleadings and examine the evidence adduced for the determination of that question, or for the purpose of determining its jurisdiction". In other words, counsel contend that the allegations in the pleadings as to the amount in dispute are controlling, and they cite the above case in support of that view. But the holding in that case is not decisive of the point involved in the case presently before us. In that case the court found that the amount claimed was "asserted in the pleadings of one litigant and denied in those of another". Not only in that case but in many others it was held that, where the litigants by their pleadings join issue as to the amount involved, the amount asserted by one and denied by the other "remains the amount in dispute, quoad the question of jurisdiction".

But the allegation of one of the litigants as to the value of a right involved, or the amount in dispute, is not controlling, especially where such allegation is made for the obvious purpose of establishing jurisdiction. In numerous cases where the amount claimed was sufficient to give this court jurisdiction, the appeals were dismissed or the cases transferred to the Courts of Appeal, because it clearly appeared from all the circumstances disclosed that the demand was fictitious or inflated. A comparatively recent case in point is Bensel et al. v. Kuhlman et al., 154 La. 150, 97 So. 347. In that case the plaintiff demanded damages amounting to $2500 for trespass alleged to have been committed

by defendants on plaintiffs' property. The court said:

"The facts alleged in the petition show that plaintiffs have exaggerated the amount of the injury, if they suffered any. The damage alleged could not possibly be $2,000, or near that sum. This court has jurisdiction in cases like this when the amount in dispute exceeds $2,000. Const. art. 7, § 10. The allegation that the amount of damages suffered in this case exceeds $2,000 is contradicted by the facts alleged."

The case was transferred to the Court of Appeal. See, also, Rogers v. National Calendar & Advertising Novelty Co., 129 La. 504, 56 So. 421; Cusachs v. Salmen Brick & Lumber Co., 144 La. 411, 80 So. 608; French et al. v. Trout Creek Lumber Co., 141 La. 18, 74 So. 575.

These cases and numerous others which might be cited show that the allegations made in a petition as to the amount involved are not necessarily controlling. The same may be said as to allegations made in an answer.

 In the case presently under consideration, the very nature of the actions brought indicates that the amount involved may be far above $2000. Plaintiffs are seeking by their suits to set aside certain acts purporting to be sales of minerals, including oil and gas in, under, and which may be extracted from, their lands. It is common knowledge that, in those sections of the state where oil and gas have been discovered—this being one of them—mineral rights are very valuable. In their suits plaintiffs do not state specifically, or

indicate, what they consider to be the value of the rights involved. But defendants, evidently for jurisdictional purposes, have alleged that the value of the mineral rights involved is less than $2000. The allegations as to value were not made in answer to, or in connection with, any allegations made in the petitions. The allegations made by the defendants are what Justice Fenner, in Hall et al. v. Curtis, 39 La.Ann. 504, 2 So. 44, referred to as "roving allegations", evidently inserted for jurisdictional purposes. Such allegations are not controlling.

 The rule is that, "In the absence of other evidence showing the pecuniary amount involved in a law suit, the affidavit of one of the parties as to such amount will be considered". Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383, 384.

We do not consider the allegation as to value in defendants' answer is "evidence" of such value.

 There is no merit in counsel's suggestion that the affidavits were filed too late. Such affidavits may be filed in this court after the motion to dismiss the appeal is filed. State ex rel. Cain v. Judge, 20 La.Ann. 574; State ex rel. Holmes v. Wiltz, 11 La.Ann. 439; Knight v. Smith, 3 Mart., O.S., 156.

In Pennywell v. George et al., 164 La. 630, 114 So. 493, we said:

"Appellant has filed an affidavit in this court showing that the value of her said share and interest in the succession exceeds $2,000. This is sufficient to give this court jurisdiction."

In Garrett v. Spratt et al., 131 La. 707, 60 So. 199, the affidavit as to value was filed in this court and was considered.

The motions to dismiss are overruled.