This is a suit to set aside and rescind the sale of 100 acres of land in Bienville Parish, Louisiana, for lesion beyond moiety. Plaintiff alleged the land to be of a value of $3,500 and that defendant only paid $394.75 for it. However, he admitted on trial that the price paid was $563.64. It is defendant's contention that the value of the land at the time of sale was $1,000.
The lower court found the property to be of the value of $1,250 and rescinded the sale, granting defendant thirty days after the judgment became final and executory to pay the plaintiff and retain the land or to recover what he had paid for it and release the property to plaintiff. From this judgment defendant has perfected an appeal to this court.
Plaintiff has filed here a plea to our jurisdiction and also an answer to the appeal praying that the value of the land be fixed at $3,500, as originally prayed for.
On trial of the case below plaintiff offered four witnesses, all of whom testified that the land was worth from $2,500 to $3,000. The value of the land is the thing in dispute. Plaintiff alleged it was worth $3,500 and offered proof that it was worth from $2,500 to $3,000 and in this court is still contending that it has a value of $3,500.
We are convinced that we have no jurisdiction in the case and that it properly belongs in the Supreme Court. Constitution of 1921, Article 7, § 10; Code of Practice, Article 91.
In the case of C.C. Hardeman Company, Ltd., v. Caddo Concrete Construction Company et al., 138 La. 107, 70 So. 53, 55, the Court said:
"The amount of a claim, asserted in the pleadings of one litigant (save where found to be purposely exaggerated) and denied in those of another, remains the amount in dispute, quoad the question of jurisdiction, until the whole, or some part of it, is similarly withdrawn therefrom, and an appellate court will not go behind the pleadings and examine the evidence adduced for the determination of that question, or for the purpose of determining its jurisdiction. Connors v. Citizens' Mut. Ins. Co., 22 La.Ann. 330; Miller v. Gidiere Marmande, 36 La.Ann. [201], 202; Girardey Co. v. New Orleans, 26 La.Ann. 291; State ex rel. Beauvais v. Judges, 48 La.Ann. [672], 677, 678, 19 So. 617."
We cannot say in this case that the value was purposely exaggerated, under the evidence in the record. See also Boisseau v. Vallon Jordano, Inc., 15 La.App. 389, 132 So. 237; Hunley v. Ascani et al., 14 La.App. 95, 129 So. 164.
This court clearly has not jurisdiction to find the value of the land to be $3,500 and to order the defendant to pay the difference and return it or surrender it. We therefore cannot grant the relief prayed for in the petition or in the answer to the appeal, under our jurisdiction. Therefore, under the discretion granted us, we will transfer the case to the Supreme Court.
It is ordered, adjudged and decreed that this case be transferred to the Supreme Court of this State and the appellant is given sixty (60) days from the finality of this judgment in which to have it lodged there; otherwise it is to be deemed as dismissed for want of jurisdiction by this court. Costs of the appeal are to be paid by appellant.
TALIAFERRO and HAMITER, JJ., concur. *Page 662