On September 23, 1938, Ardis Batton brought suit against his son, C.L. Batton, praying that a sale of land from the former to the latter be annulled and set aside on the ground of lesion beyond moiety.
After the death of Ardis Batton, which occurred in February, 1939, the administrator of his succession, G.D. Frye, was substituted by appropriate pleadings as party plaintiff in the cause.
The case was tried in due course, following the joining of issue by defendant; and the court rendered judgment on June 28, 1940, the signing of which occurred September 27, 1940, decreeing "the property to have been worth at the time of the sale $1,250.00; and decreeing that the sum of $563.64 having been paid therefor by defendant, and (an) amount of $35.25 having been expended on the property as improvements by defendant and that the sale is therefore rescinded on account of lesion beyond moiety, giving defendant 30 days after this judgment becomes executory to retain the property by paying the difference or to recover the amount paid by him as consideration and as improvements and release the property." *Page 708 
Defendant, C.L. Batton, obtained orders of appeal to this court from that judgment. Presented by the appeal for consideration was a dispute over the value of the land, and there was involved an amount in excess of our jurisdictional limits. We ordered the case transferred to the Supreme Court and granted to appellant sixty days in which to perfect his appeal to that tribunal. It was not perfected. La.App., 2 So.2d 541.
Thereafter C.L. Batton, the original defendant, ruled into court the substituted plaintiff, G.D. Frye, to show cause why there should not be made executory that part of the judgment requiring the return of his $563.64 and the payment to him of the mentioned $35.25 for improvements placed on the property.
Frye answered, showing that he is the duly qualified administrator of the Succession of Ardis Batton and also averring that the claim of C.L. Batton for the named amounts represents a debt of such succession. Further he averred that C.L. Batton, being an heir of Ardis Batton and the owner of one-sixth of his estate, is one of the obligors of the debt; and, therefore, the property should be sold at a succession sale and the claim, less one-sixth thereof, be paid out of the proceeds realized.
A trial of the rule resulted favorably to C.L. Batton, the court decreeing that "the judgment rendered on the merits of this cause, insofar as it orders the return by G.D. Frye, Administrator, to C.L. Batton of the moneys paid out by him for purchase price and improvements, be made executory; and accordingly, there be judgment in favor of C.L. Batton and against G.D. Frye, Administrator of the Estate of Ardis Batton, in the full sum of $563.64, with 5% interest thereon from September 23, 1938, until paid, and in the further sum of $35.00 with 5% interest thereon from June 28, 1940, until paid, and for costs of this rule."
The court further decreed that "the said G.D. Frye, Administrator of the Estate of Ardis Batton, have thirty (30) days from the date hereof within which to pay such sums and interest and costs, and upon his failure so to do, the judgment heretofore rendered on the merits of this case on June 28, 1940, and which was signed September, 1940, and which set aside the deed from Ardis Batton to C.L. Batton on the grounds of lesion beyond moiety shall be thereby rendered null, void and of no force and effect and his petition in this cause shall be dismissed upon simple showing that such sums have not been paid and that such thirty days have passed."
It was from the judgment rendered on the trial of the rule that G.D. Frye, Administrator, perfected this appeal. The record was filed here on June 13, 1942.
After the case had been fixed for argument appellant filed a motion for a continuance, alleging therein:
"a. That your appearer does not know with whom he is litigating in this matter.
"b. That as shown by the certificate of the Sheriff of Bienville Parish, Louisiana, hereto attached and made part hereof, all the rights of the said C.L. Batton has been sold and the purchaser, James Mason Gantt, has not made himself a party hereto and there is no statement from him that the appeal or matter in dispute will be further urged.
"c. That C.L. Batton has no interest whatever in the furtherance of this litigation and that the case should be continued until the said James Mason Gantt, the purchaser and owner of the judgment, can make appearance, if he so desires."
The referred to certificate reads:
"I, H. Jordan, Sheriff in and for said Parish and State, do hereby certify that in the matter of `Ardis Batton vs. C.L. Batton', No. 11,762, Second Judicial District Court, Bienville Parish, Louisiana, under and by virtue of a Writ of Fieri Facias issued from said Court of date July 17th, 1942, I seized and sold within legal sale hours on Saturday, August 15th, 1942, the following described property, to-wit:
"All the right, title, and interest of C.L. Batton in and to that certain judgment rendered on June 28th, 1940, and signed on September 27th, 1940, in the suit of Ardis Batton versus C.L. Batton, No. 11,762 on the Docket of the Second Judicial District Court, in and for Bienville Parish, Louisiana, to James Mason Gantt."
In opposing the motion for a continuance appellee, C.L. Batton, insists that the alleged seizure and sale of his interest in the original judgment is null and void for the following reasons:
1. The litigation was pending on appeal in this court when the attempted seizure occurred and the district court then had no authority to issue a writ of fieri facias in it.
2. The purported sale to James Mason Gantt was in violation of the provisions of Act 85 of 1928. *Page 709 
Attached to appellee's written opposition is a transcript of all of the proceedings on file in the office of the Clerk of Court of Bienville Parish, Louisiana, relating to the issuance of the mentioned writ of fieri facias and the seizure and sale made thereunder.
When the case was called for argument no appearance whatsoever was made by or for appellant. We were favored with neither a brief nor oral argument on either the motion for a continuance or on the merits as presented by this appeal. But notwithstanding such omission, we have given due consideration to the controversy.
It is our opinion that the motion for a continuance is without merit for the reason that appellee was never legally divested of his interest in the litigation. The attempted sale, which is the basis for the motion, was clearly violative of the provisions of Act No. 85 of 1928. The statute provides that a creditor who seizes the interest of a litigant in a pending law suit shall not interfere with the progress of the suit, nor acquire control of the action, nor be permitted to sell the interest under the seizure except when the seized debtor refuses or neglects to prosecute his cause of action. And the sale, under this exception, can take place only when the court orders it after a hearing on a rule to show cause.
It does not appear from the record that C.L. Batton has refused or neglected to prosecute his claim. In fact the very opposite is shown. He instituted the proceedings necessary to collect the funds due him and obtained a judgment ordering their payment; and in this court he occupies the status of appellee. Furthermore, he was never ordered to show cause why the sale should not be effected, as the statute requires.
With reference to the judgment appealed from, appellant has pointed out no error therein and none is apparent to us. In the original petition Ardis Batton alleged lesion beyond moiety in the conveyance from him to his son C.L. Batton, and he demanded rescission of the sale. In determining the created issue, it was necessary to ascertain the value of the property at the time it was sold. Revised Civil Code, Article 2590. Such value, after a trial in due course, was found to be more than twice the price paid by the purchaser; hence C.L. Batton had the option of either restoring the land and taking back the amount paid or making up the just price and keeping the property. Revised Civil Code, Article 2591.
The accomplishment of the first stated alternative, which C.L. Batton elected to bring about as he was entitled to do, places the parties in the same status that they enjoyed prior to the attempted sale. This being true C.L. Batton must be considered in the transaction, and dealt with in this litigation, as a stranger to his father and not as an heir. Accordingly, the above mentioned defense urged by appellant is ineffective.
The judgment is affirmed.