LEMMON, Judge,
concurring in denial of the Application for Rehearing and assigning reasons.
The issue of whether the amount of the judgment may exceed the amount of the demand for general damages was decided primarily on the basis that there is no positive law which requires the petition to state the amount of the demand for such damages. I here point out belatedly that there is much justification for a positive law (which is undoubtedly a legislative function) prohibiting the petition from stating any amount in estimation' of general damages.
It is generally recognized that the amount specified in the petition’s demand for general damages almost never represents a realistic estimation of the claimant’s damages. The amount is generally so grossly overstated (probably due to caution made necessary by pre-Code of Civil Procedure decisions which limited recovery to the stated amount) that this has become a laughing matter to practicing attorneys. However, the average litigant, who is unfamiliar with judicial proceedings, does not consider it a laughing matter when he is served with a petition asserting a vastly inflated demand. This practice has become such a source of fear and scorn that the legal profession and judicial system has suffered greatly.
On the other hand, an individual who is served with a petition demanding an unstated amount for a specifically stated injury will be more likely to look upon the system with respect and trust that the case will be decided fairly by the judge or jury.
Another problem with requiring or allowing the petition to state an estimate of the amount of general damages is that this figure is often revealed to the jury in questioning or in argument, although the claimant’s estimate of the amount of his general damages is totally irrelevant to the jury’s determination of the amount of those damages. In the present case, for example, the defendant argued to the jury that plaintiff did not think too much of her own claim because she originally demanded only $20,-000.00.
*274 The problem with revealing irrelevant matter to the jury is that it may appear to prove something it does not in fact tend to prove. The claimant’s estimate of the amount of his general damages has no probative value whatsoever, and since reference to the estimate may appear to the jury to have some probative value (especially when the estimate is written in an official paper filed in the court record), the estimate may prejudicially influence the jury.[1]
This brings us back to the original question — what is the value of requiring a claimant to estimate the amount of his general damages? The answer appears to be— none.

. If a specific assertion of the amount of general damages is required or allowed as to provide the defendant with notice of the maximum amount in controversy, disclosure of the amount to the jury should be prohibited. 5 Wright & Miller, Federal Practice and Procedure § 1259 (1969).