DOUCET, Judge.
Shawn M. McBride brought suit for the recovery of the balance due under a house painting contract entered into with defendant, Mrs. Lolan Hebert. Mrs. Hebert reconvened alleging improper workmanship and seeking damages.
From a judgment in favor of the plaintiff in reconvention for $3,006.90, McBride appeals. We amend and affirm.
McBride and Mrs. Hebert entered into a contract wherein McBride agreed to prepare and paint Mrs. Hebert’s house for $1,400.00. McBride, a part-time painter, *455 worked on the house intermittently for several months during which time he was paid a total of $470.00. After completing about two-thirds of the house, McBride terminated his work and brought suit for $2,740.00. He alleged that Mrs. Hebert had modified the contract during the operations increasing the expense of completing the job.
Mrs. Hebert filed a reconventional demand seeking several items of damages including $1,000.00 for the estimated cost of completing the painting in a workmanlike manner. The trial court rendered judgment in favor of Mrs. Hebert in her reconventional demand and against McBride for a total sum of $3,006.90. This amount included the sum of $1,935.00 for the completion of the painting.
On appeal McBride presents two issues for determination:
(1) Whether the trial court erred by admitting the testimony of Mrs. Hebert’s expert that had the effect of enlarging the pleadings beyond the $1,000.00 allegedly due for the cost of completion of the painting of the house; and
(2) Whether the award was excessive.
ENLARGEMENT OF THE PLEADINGS
At trial Mrs. Hebert sought to introduce the testimony of Louis T. Meyers, a painter, which reflected a total of $1,935.00 as an estimate for the repainting of the house. The pleadings asked for only $1,000.00 for this item. The objection of McBride was overruled and the evidence was admitted and an award for this item of damage was made accordingly. The trial court erred in allowing an enlargement of the pleadings. In the case of Ehrhardt v. Cummins, 369. So.2d 213 (La.App. 3rd Cir. 1979), writ den., 369 So.2d 1366 (La.1979), this court held as follows:
“The general rule is that a litigant may not recover an amount greater than that for which he prayed in his petition. Friedman Iron and Supply Co. v. J.B. Beaird Co., Inc., 222 La. 627, 63 So.2d 144 (1952); Alumaglass Corp. v. Succession of Kendrick, 303 So.2d 911 (La.App. 1st Cir.1974), writs refused February 7, 1975; Watson v. Morrison, 340 So.2d 588 (La.App. 1st Cir.1976), writs refused February 14, 1977. The only exception to this rule of which we are cognizant involves elements of special damages in situations when otherwise inadmissible evidence is admitted without objection and the pleadings are enlarged to that extent. LSA-C.C.P. Article 1154; Sterkx v. Gravity Drainage District No. 1 of Rapides Parish, 214 So.2d 552, (La. App. 3rd Cir.1968), writs refused November 15, 1968....”
McBride timely objected to the evidence that would have had the effect of enlarging the pleadings. Therefore, the amount allowed for repainting the house shall be limited to the prayer of Mrs. Hebert, that is $1,000.00.
As for McBride’s contention that the judgment is generally excessive otherwise, we have thoroughly reviewed the record and find that the trial court decision is fully supported by the evidence presented by Mrs. Hebert. There was a conflict in the testimony by Mrs. Hebert and McBride. The trial court accepted the testimony of Mrs. Hebert. We will not disturb this discretion of the trial court.
For these reasons, the judgment of the trial court is amended so as to reduce the total amount by $935.00. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal shall be paid by Mrs. Hebert, plaintiff-in-reconvention, appellee.
AMENDED AND AFFIRMED.