499 So.2d 1346 (1986)
George SANDERS
v.
OLD QUARTER TOURS, INC. et al.
No. C 6478.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1986.
Writ Denied February 6, 1987.
*1347 Leonard J. Cline, New Orleans, for petitioner.
Madison C. Moseley, Metairie, for respondents.
Before REDMANN, C.J., and WARD and WILLIAMS, JJ.
REDMANN, Chief Judge.
We granted certiorari to review a denial of jury trial in a personal injury action in which, by amended petition, plaintiff increased the total sought as damages from $10,000 to $100,000. La.C.C.P. 1732(1) denies trial by jury when "the amount in dispute" does not exceed $10,000 (up from $5,000, by amendment a year before plaintiff's original petition).
The trial judge reasoned that he was "satisfied there should not be an award of $10,000.... [T]he court must make a decision as to whether or not to award $10,000 and it appears from plaintiff's deposition and the movers' memorandum he was treated for approximately three and a half months and recovered and for that reason I grant the motion to strike the jury." (Plaintiff's deposition was taken almost three months before the amended petition, and over six months before the trial judge heard the motion to strike.)
The ultimate question is whether the amount in dispute exceeds $10,000. To answer that question, we must first decide how "the amount in dispute" is determined. A preliminary question is who bears the *1348 burden of establishing that the amount in dispute is or is not equal to the amount required for jury trial.
We conclude that defendants, who argue that this case is within an exception to the general rule of jury trial, bear the burden of so establishing. We also conclude, first, that to determine the amount in dispute for purposes of entitlement to jury trial, the proper test is the amount demanded by plaintiff in good faith; and, second, that a plaintiff's demand is in good faith to the extent that it is within the maximum amount that a reasonable trier of fact could award without exceeding the "much discretion" given by La.C.C. 2324.1. We finally conclude that defendants have not established that plaintiff is not in good faith in demanding over $10,000, for they have not established that no reasonable trier of fact, not abusing its discretion, could award over $10,000 for plaintiff's soft tissue injury of three and a half months' duration with periodic pain thereafter. We therefore reverse.
By way of background, we first observe that the trier of fact is not limited by the amount of general or special damages prayed for in the petition, but "shall grant the relief to which the party ... is entitled, even if the party has not demanded such relief in his pleadings...." C.C.P. 862. Cambrice v. Fern Supply Co., Inc., 285 So.2d 863 (La.App. 4 Cir.1973); Wexler v. Martin, 367 So.2d 111 (La.App. 4 Cir.1979), cert. denied, 369 So.2d 1352 (see also Lemmon, J., concurring in refusal of rehearing, 369 So.2d 273, suggesting that no amount should be alleged as general damages); Legrone v. New Orleans Public Service, 415 So.2d 997 (La.App. 4 Cir.1982). A trial judge therefore does not err by refusing to allow an amended petition (and an included first demand for jury trial) that amends only the amount demanded. If such an amendment is allowed, however, any party has the right to demand trial by jury within ten days thereafter under C.C.P. 1733 C. Barberito v. Green, 275 So.2d 407 (La. 1973). (Defendants' argument that no issue is addressed by an amendment of quantum only is untenable in view of Barberito.)
In this case, the trial judge allowed the amendment, but thereafter granted a defense motion to strike plaintiff's request for jury trial, as noted above.

I
Entitlement to jury trial is the general rule of law. C.C.P. 1731 A. Champagne v. American Southern Ins. Co., 295 So.2d 437, 439 (La.1974), explains the primacy of the right to jury trial:
"... C.C.P. Art. 1731 expressly recognizes the right to jury trial except as limited by the provisions of C.C.P. Art. 1733 [now 1732]. The official footnote to Art. 1731 unequivocally announces its purpose to preserve inviolate a litigant's right to jury trial. The jurisprudence likewise establishes that the right of a litigant to jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture thereof."
Art. 1732(1)'s denial of jury trial when the amount in dispute does not exceed $10,000 is an exception to the general rule of art. 1731. "[O]ne who contends that he comes within an exception to a general rule, established by a statute, must prove it." Hortman-Salmen v. White, 168 La. 1049, 123 So. 709, 711 (1929). Defendants are therefore obliged to establish that "the amount in dispute" does not exceed $10,000.

II
C.C.P. 1732, in denying jury trial when "the amount in dispute does not exceed" $10,000, does not itself set a standard for determining "the amount in dispute." C.C.P. 4 and 4841 do set standards for defining jurisdictional amounts, but they are not directly applicable because art. 1732's amount is not a jurisdictional amount. The 1983 Revision Comment (b) to art. 1732 suggests, nevertheless, that the principle of arts. 4 and 4841 is intended in art. 1732 by use of the phrase "amount in dispute." (Louisiana's earlier jurisprudence *1349 may have relied, to a great extent, on the amount stated by the plaintiff. See, e.g., Daigle v. Lirette, 23 La.Ann. 34 (1871); C.C. Hardeman Co. v. Caddo Concrete Const. Co., 138 La. 107, 70 So. 53 (1915); Givens v. Yazoo & M.V.R. Co., 173 La. 372, 137 So. 66 (1931).) Art. 4 provides that jurisdiction dependent on "the amount in dispute ... shall be determined by the amount demanded ... in good faith by the plaintiff." Art. 4841 provides an identical test to determine jurisdiction of limited-jurisdiction courts.
If courts are to enforce art. 1732's denial of jury trial when the amount in dispute does not exceed $10,000, a trial judge cannot blindly accept whatever amount a plaintiff demands in the petition. Courts cannot allow a plaintiff with a lesser claim to obtain jury trial by simply inflating his or her demand. We therefore conclude that the principle of arts. 4 and 4841 is, of necessity, applicable by analogy, and that "the amount in dispute" in art. 1732 means the amount demanded by plaintiff in good faith.
To prove that "the amount in dispute" in plaintiff's $100,000 demand does not exceed $10,000, then, defendants must prove that plaintiff's demand is not a good faith demand for any amount over $10,000.

III
An injured person cannot be deemed to be in bad faith in demanding as damages the maximum amount that the law allows. The law allows "much discretion," C.C. 2324.1, to the trier of fact in fixing nonpecuniary damages. The wide range of this discretion is well known to lawyers and courts. One reasonable judge or jury might evaluate damages towards the lower extreme of that range, while another, still reasonable, might evaluate damages towards the upper extreme. A plaintiff is not in bad faith in demanding an amount that the most liberal, while still reasonable, trier of fact could award.
For that reason, in determining the amount in dispute for purposes of entitlement to jury trial, the trial judge may not merely estimate the amount that he or she as trier of fact would award, and hold plaintiff in bad faith if plaintiff's demand is higher. The trial judge may hold plaintiff in bad faith in demanding the amount required for jury trial, and deny jury trial, only if (and it is defendant's burden to establish) that amount exceeds that which the most liberal, but still reasonable, trier of fact could award as damages in the exercise of its "much discretion" under C.C. 2324.1.
In the cases defendants cite, the conclusion that no reasonable trier of fact could award the required amount clearly followed (1) from plaintiff's answers to interrogatories (stating the true amount of a loan sued on), Bayon v. Rivet, 2 Mart. 150 (La.1812); or (2) from the face of the petition (showing maximum lost rent of $35 a month when appellate jurisdiction required $2,000), Nick v. Bensberg, 123 La. 351, 48 So. 986 (1909); or (3) from a pre-trial showing that plaintiff will have no medical expert evidence of injury from an alleged simple battery, Pigeon v. Hayden, 488 So.2d 189 (La.1986) (the application for writs in which was furnished us by defendants). None of those circumstances, and no comparable circumstance, is present here, and none of those cases is controlling.
Here the circumstance is that, from a deposition taken three months before plaintiff's amendment to increase quantum and six months before the hearing on a motion to strike jury trial, it appeared that plaintiff suffered a soft-tissue injury which had largely resolved in three and a half months, but from which he continued to experience "a little pain every now and then, ... periodic pain." On the day of the hearing, moreover, plaintiff's counsel asserted that plaintiff "still has problems with his neck, back and shoulders, ... not constantly but intermittently." The trial judge was not unreasonable in concluding that he "would not" award the required amount, or believes that that amount "should not" be awarded. But the question is whether the plaintiff is in good faith is demanding more than $10,000. Defendants can establish that plaintiff is not in good faith in demanding over $10,000, and therefore not entitled to jury trial, only by a showing *1350 that no reasonable trier of fact, exercising the "much discretion" granted by C.C. 2324.1, could award over $10,000 damages.
Defendants have made a somewhat stale showing regarding plaintiff's injuries, for which an award of less than $10,000 would be within a trier of fact's "much discretion," C.C. 2324.1. But an award of over $10,000, especially if plaintiff continues to experience pain, would not necessarily constitute an abuse of that discretion. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In the similar case of Rachal v. Agudosi, 496 So.2d 1274 (La.App. 3 Cir.1986), an award of $20,000 was only reduced to $10,000 for a soft-tissue injury from "a very minor impact" two months after which the plaintiff was discharged as fully recovered. If $10,000 is not excessive for a soft-tissue injury lasting two months, something over $10,000 is not necessarily excessive for a soft-tissue injury lasting three and a half months with residual periodic pain thereafter.
We conclude that defendants did not establish that plaintiff's demand for over $10,000 is in bad faith. Defendants have therefore not established that this case is governed by C.C.P. 1732(1)'s exception to art. 1731 A's general rule that a litigant is entitled to trial by jury. The denial of jury trial was therefore error.
Reversed.