WILLIAM A. CULPEPPER, Retired, Judge Pro Tern.
This is an expropriation case. The trial court awarded $248,321 compensation to the defendants. The plaintiff appeals this judgment.
FACTS
On February 3, 1983 the State of Louisiana expropriated 3.57 acres from a wooded rural homesite of 7.976 acres on Louisiana Highway 6, approximately 3.5 miles west of Natchitoches. The expropriation was necessary for the 1-49 project. Included within the taking was a well-kept, 11-year-old single family, single story brick veneer home. The home had approximately 2900 square feet of heated area and approximately 3500 square feet under roof. Access to the remaining property was cut off by the expropriation.
Trial was held on March 4,1986 to determine the amount of compensation due the landowners. The witnesses were real estate appraisers and an engineer. The validity of the taking was not at issue.
The plaintiff’s expert testified to a total compensation due of $111,484 for the value of the land and improvements taken (using a cost approach with a deduction for depreciation for the improvements). The defendants’ experts testified to separate total compensations of $171,141 (Randy LaCaze) and $188,111 (Stacy Williams) for the values of the land and improvements taken (using a market value basis for the improvements), severance damages to the remaining land and costs of moving. The defendants also introduced uncontradicted expert testimony by an engineer, E.J. Geir-ing III, who valued the cost of providing a commercial, two-lane, 34-foot wide driveway to provide access to the remaining property at $60,210.
The trial court awarded the defendants $248,321 ($188,111 plus $60,210), although they had only prayed for $188,111 in their reconventional demand. The plaintiff appeals this judgment.
ASSIGNMENT OF ERROR
The trial judge erred in awarding an amount in excess of the reconventional demand and in excess of the highest testimony.
APPLICABLE LAW
The plaintiff contends the trial court should not have awarded $60,210 to defendants for constructing access to their property because they did not pray for it in their reconventional demand. LSA-C.C.P. art. 862 states:
“Art. 862. Relief granted under pleadings; sufficiency of prayer
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.”
This article eliminates the necessity for general and equitable relief, as it automatically performs the function of such prayer. LSA-C.C.P. art. 862, Official Revision Comments, Paragraph (a). See also McBride v. Hebert, 490 So.2d 454 (La.App. 3d Cir.1986), Land & Offshore Co. v. Martin, 469 So.2d 1177 (La.App. 3d Cir.1985); Pri *810 meaux v. Bennett Homes, Inc., 339 So.2d 1251 (La.App. 1st Cir.1976). Uncontradict-ed expert testimony was introduced at trial by the defendants as to the need to provide access to their remaining property and the cost of doing so. The plaintiff did not object to the introduction of this evidence. The defendants’ other experts also referred to the need for access and the cost of providing it. The trial court could therefore include it in the compensation awarded to the defendants, even though they did not specifically pray for it, under LSA-C.C.P. art. 862. The plaintiff also contends that the fee of the expert witness on the cost of providing new access should be disallowed because it was of no usefulness in determining the award. Since it was used in determining the award, we will affirm the trial court’s award.
Finally, the plaintiff contends the trial court should have awarded a sum no larger than the amount needed to purchase a used home and land comparable to the home and land expropriated, and that there is no justification for forcing the State to pay for a new home for the defendants. This would necessitate reliance on the appraisal of the State’s expert witness, rather than those of the defendants’ experts. The evaluation of and weight given to the testimony of expert witnesses by the trial court as the factual basis for its conclusions will not be disturbed on review absent a showing of manifest error. State, through Dept. of Highways v. Wilson, 372 So.2d 632 (La.App. 1st Cir.1979). We also find that defendants’ experts based their valuations on market value, rather than on a replacement cost approach, as plaintiff contends.
However, we find the trial court did make an error in adding $60,210 to the $188,111 figure testified to by Williams. Both of the landowners’ appraisers considered the enhanced value of the remaining 4.406 acres after the taking, and the cost of providing access to this remainder, in reaching their estimates of severance damages. Although they used somewhat different methods, their conclusions as to severance damages are very close, $17,869 by Williams and $15,360 by LaCaze.
In his appraisal report, Williams stated: The 4.406 Remaining Acres [sic] are beautiful and enhanced the Bernard home site, [sic] but when 1-49 is completed, it will be so isolated by the limited access portion of the highway, and the major problem of increased traffic on Louisiana Highway No. 6 adjacent to the interstate, that its value will be greatly reduced without a Service Road [sic], which appears to be out of the question. For these reasons the undersigned has determined that their useage [sic] will be reduced by fifty (50%) percent, and this amount has been calculated as “SEVERANCE DAMAGES.”
Williams estimated total compensation as follows:
Market value of residence and improvements $138,785.00
Expropriated acreage — 3.58 acres x $8,111.24 per acre 28,957.00
Severance damage for remaining acreage 4.406 acres X $8,111.24 per acre x 50% 17,869.00
Cost of moving twice 2,500.00
Total Just Compensation $188,111.00
LaCaze estimated total compensation as follows:
Market value of residence, improvements and expropriated acreage $155, 781.00
Severance damages — 60% 15,360.00
Total Just Compensation $171,141.00
LaCaze testified clearly that he reached his severance damages figure by taking into consideration the cost of providing access to the remaining acreage ($60,210) and the enhanced value of this acreage with access ($26,920 enhancement):
“Therefore, for defendant to experience the enhancement calculated in the previous section of $26,920.00, an expenditure of $60,210.00 would be required. Defendant must then be compensated by the difference between the cost of access and the enhancement to defendant’s property. This indicates a total of $33,-290.00 due defendant to make him whole. Defendant could then install the access at an out of pocket cost of $26,920.00 and considering that the remainder in the before status was contributing $25,600.00 to the whole, defendant would have in *811 vested in the property what the fair market value indicated or $52,520.00.
* * # * * #
“If you consider the $33,290.00 which is demonstrated by the cost of putting access into the remaining property as a dimunition in value to the remaining property, a percentage discount can be calculated for comparison purposes. The $33,290.00 represents more than the total value of the remainder as it contributed to the whole or $25,600.00. Due to this it is likely that a discount of at least sixty to seventy percent would be indicated in the case of the subject remainder. Therefore, severance damage in the amount of 60% or $15,360.00 is judged to be applicable to the remaining parcel. 4.04 acres before taking.$25,600.00 4.04 acres after taking_ 10,240.00 Severance Damages to Remainder . — . $15,360.00”
Therefore, by adding $60,210 to the total compensation, the trial court granted a double recovery to defendants, since the $60,210 cost of access was already calculated into the total compensation through severance damages.
We find no abuse of the trial court’s great discretion in choosing to follow Williams’, rather than LaCaze’s estimate of total compensation, in making the award, although Williams’ figure is higher. See Reck v. Stevens, 373 So.2d 498 (La.1979).
DECREE
For the reasons assigned, the judgment appealed is amended to reduce the just compensation awarded by the sum of $60,-210. Otherwise the judgment is affirmed. Costs of appeal are assessed to defendants-appellees.
AFFIRMED, AS AMENDED.