^ARMSTRONG, Judge.
This is an appeal from a judgment rendered in a personal injury action in favor of the plaintiff, John M. Thompson IV, and against the defendant, Metropolitan Property *173 & Casualty Insurance Company (“Metropolitan”). We now affirm.
The plaintiff was a guest passenger in an automobile driven by Donovan Braud which was involved in an accident with a vehicle driven by Yolanda Ellis, an uninsured motorist. Braud had a policy issued by State Farm Mutual Automobile Insurance Company (“State Farm”) which provided uninsured motorist coverage for the plaintiff. In addition, the plaintiffs father had a policy issued by Metropolitan which provided UM coverage for the plaintiff. The plaintiff instituted an action against the uninsured driver, State Farm and Metropolitan.
Instate Farm settled with the plaintiff for the limits of its coverage, $10,000.00, and the suit against State Farm was dismissed., State Farm is not a party to this appeal. Metropolitan tendered an additional $10,-000.00, unconditionally, which was accepted by the plaintiff. However, the plaintiff did not settle his claim against Metropolitan, whose UM policy limits were higher than $10,000.00. After a bench trial, judgment was rendered in favor of the plaintiff, awarding him a total of $44,894.82, subject to credit for the $20,000.00 previously received by the plaintiff.
On appeal Metropolitan raises one assignment of error. It claims the trial court erred in awarding the plaintiff any damages because the plaintiffs petition only prayed for damages “not in excess” of $20,000.00, and the plaintiff had already received a total of $20,000.00 from State Farm and Metropolitan.
In the plaintiffs original petition he prayed for damages “as are reasonable in the premises, not in excess of TWENTY THOUSAND AND NO/100THS ($20,000.00) DOLLARS.” Metropolitan argues that the plaintiff could not recover more than he prayed for.
La. C.C.P. art. 862 provides:
Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief. (Emphasis added).
In Legrone v. New Orleans Public Service, Inc., 415 So.2d 997 (La.App. 4th Cir.1982), this court stated that La. C.C.P. art. 862 “obliges a final judgment to grant the correct relief, even if not prayed for.” Id. at 999. We further held that a court “may therefore award damages greater in amount than the amount ^prayed for by the petition.” Citing Cambrice v. Fern Supply, 285 So.2d 868 (La.App. 4th Cir.1973) and Wexler v. Martin, 367 So.2d 111 (La.App. 4th Cir.1979), writ denied, 369 So.2d 1352 (La.1979).
In Wexler v. Martin, supra, we noted that, although the Louisiana Code of Civil Procedure requires that items of special damage be specifically alleged, there is no requirement for specific allegations of items of general damage.[1] 367 So.2d at 114, footnote 1. We also noted that the exception pertaining to La. C.C.P. art. 1703 was significant.[2] We reasoned that art. 1703’s limiting of default judgments to not “exceed[ing] in amount that demanded in the petition” should be “interpreted to mean that other types of final judgments can exceed in amount that demanded in the petition.” Wexler, 367 So.2d at 114. Finally, we considered the source of La. C.C.P. art. 862, Federal Rule 54(c), and noted that federal cases interpreting that rule had consistently allowed judgments to exceed the amount of the demand.
In Wexler we expressly rejected the holding of the First Circuit in Watson v. Morrison, 340 So.2d 588 (La.App. 1st Cir.1976), writs denied, 341 So.2d 1134, 342 So.2d 218 (La.1977), cited by Metropolitan, that La. *174 C.C.P. art. 862 was not intended to allow a trial court to award general damages in excess of the demand. Metropolitan also cites several other cases for the proposition that a party cannot be awarded damages greater than prayed for. Friedman Iron & Supply Co. v. J.B. Beaird Co., Inc., 222 La. 627, 68 So.2d 144 (1952); Smith v. Moncrief, 421 So.2d 1127 (La.App. 3rd Cir.1982), writ denied, 426 So.2d 177 (La.1988); McBride v. Hebert, 490 So.2d 454 (La.App. 3rd Cir.1986). None of these cases involved general damages and are thus distinguishable.
We decline to overrule the jurisprudence in this circuit holding that a plaintiff may recover the general damages he is entitled to, even if that amount is greater than prayed for.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

. See La. C.C.P. art. 861.

. La. C.C.P. art. 1703 states:
A judgment by default shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy-
Note: At the time of the Wexler decision, prior to 1989, the article read: "A judgment by default shall not be different in kind or exceed in amount that demanded in the petition.” According to the official revision comment, the amended article is still intended to limit recovery in default judgments to the amount demanded in the petition.